## IRWIN *et al.* v. FIRST NAT. BANK OF MADILL.

No. 6783.   Opinion Filed June 8, 1915.

(149 Pac. 1081.)

1. **APPEAL AND ERROR—Presentation for Review—Transcript of Record.** Errors of law occurring at the trial cannot be considered upon a transcript of the record.

2. **APPEAL AND ERROR—Time to Make and Serve Case—Application for Extension.** In the trial of a case originating in a justice of the peace court, the county court, on appeal thereto, rendered judgment, and, in the order overruling the motion for a new trial, allowed the losing parties 90 days thereafter in which to prepare and serve case-made for appeal. Thereafter, and on the last day of the time allowed, the court refused to grant a further extension of time, and, after the expiration or the time originally fixed, the parties, desirous of appealing, asked this court, under authority of section 5247, Rev. Laws 1910, to grant a further extension of time in which to prepare and serve a case. **Held,** that as the trial court did not refuse to allow the parties a reasonable time to make and serve a case, or to file the same in this court, the application should be denied.

(Syllabus by the Court.)

*Error from County Court, Marshall County;*
*Charles S. Fenwick, Judge.*

Action by the First National Bank of Madill against G. E. Irwin and another.   Judgment for plaintiff, and defendants bring error, and apply for an extension of time in which to prepare and file case-made.   Application denied, and appeal dismissed.

*Cornelius Hardy,* for plaintiffs in error.

*Newman & Lawrence* and *Stephen C. Treadwell,* for defendant in error.

SHARP, J. This case originated in a justice of the peace court in Marshall county. From the judgment rendered therein, an appeal was prosecuted to the county court, where a trial was had, and, under instructions of the court, a verdict returned in favor of plaintiff and against defendants in the sum of $100. On April 13, 1914, the day on which the judgment was rendered, defendants filed their motion for a new trial, which on May 22d thereafter was overruled, and defendants were given 90 days in which to prepare and serve a case-made for appeal to this court. No case was ever served, and the appeal is before us on a transcript of the record. As all of the errors assigned in the petition in error occurred at and during the trial, the same cannot be considered.

In the petition in error, however, it is asked that this court, pursuant to the provisions of section 5247, Rev. Laws 1910, grant the plaintiffs in error an extension of 40 days' time in which to make and serve a case-made for appeal herein. The petition in error containing this application was filed in this court on August 29, 1914, or nine days after the expiration of the time fixed by the trial court in which to prepare and serve case-made for appeal. Assuming, without deciding, that such an application may be made to this court after the expiration of the time fixed in the order of the trial court, as appears may be done by the trial court or judge thereof, under section 5246, Rev. Laws 1910, under certain circumstances, have plaintiffs in error shown themselves entitled to the order sought? Section 5247, *supra,* provides that if the court rendering final judgment or order in a cause, or the judge thereof, shall refuse to allow a reasonable time to make and serve a case, or to file the same in the appellate court, the party desiring to file the appeal or

proceedings in error may, upon notice to the adverse party, make application to the appellate court having jurisdiction of such appeal or proceedings in error, or to one of the justices thereof, for such an order, and said court and the justices thereof shall have the same power and jurisdiction in relation to such matters as the court in which such final order and judgment was rendered, but that their orders shall be filed in the trial court.

In the first place, it would seem that the power of this court to act would depend upon whether the trial court or judge thereof refused to allow defendants below a reasonable time to make and serve a case, or to file the same in this court. If this be made to appear, then, after notice to the adverse party, said defendants could properly make an application to this court, or to one of the justices thereof, for such an order. While it appears that notice to the adverse party has been given, it has not affirmatively been made to appear that the defendants were by the trial court denied a reasonable time to make and serve a case, or to file the same in this court. In fact, on the other hand, the transcript shows that they were given 90 days in which to do so, from the day on which the motion for a new trial was overruled. The case involved $100, and originated before a justice of the peace, and, on appeal to the county court, a verdict was rendered in favor of plaintiff, and there is nothing to show but that the case could, with the exercise of proper diligence, have been served within 90 days, except the statement of counsel that he was busy in the trial of other cases and with his office work. By section 5246 the trial court or the judge thereof may, in case of accident or misfortune which could not reasonably have been avoided by the party appealing, notice to the adverse party having been given, make an order extending the time for preparing and serving a case-made after the expiration of the time fixed in the

previous order or time allowed by statute. Assuming that this court has the same power and jurisdiction in relation to such matters as the trial court, in cases coming within the provisions of said section 5246, such order could only be made where the time had expired, in case of accident or misfortune which could not reasonably have been avoided by the parties appealing. Such is not the case here. The trial court did not refuse to allow a reasonable time to make and serve a case-made, but instead granted a liberal extension of time in which to do so, and, when the second application for the extension was made, denied the same on the ground that the defendants had not shown diligence in the matter. In the affidavit of counsel, filed in this court, it appears that he was advised by the trial judge, far in advance of the expiration of the time fixed in the original order, that he would not grant a further extension. The affidavit in part reads:

"Some time during the middle or latter part of July I went to the county clerk's office to get the papers to prepare the case-made and was informed by the clerk that no supersedeas bond had been filed. * * * At that time I had plenty of time within which to prepare and serve the case-made before the extension expired, but the judge of the county court told me that he would not grant a further extension."

While the court or judge may, for good cause shown, extend the time for making and serving a case, when that is done, and a sufficient opportunity is afforded a litigant to prepare his case, it is not error for the trial court to refuse to grant a further extension of time.

To our minds, the defendants are not within the statute; hence their request for an extension of time in which to prepare and serve case-made should be denied, and the motion of defendant in error to dismiss the appeal be sustained, which is accordingly ordered.

All the Justices concur.