**CHERRY v. BROWN.**

No. 9733—Opinion Filed June 29, 1920.

Rehearing Denied Sept. 21, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Case Made—Contents —Evidence.**

The statutes do not require that a case-made contain a transcript of the court reporter's notes of the evidence and proceedings, and such being the case, the evidence and oral proceedings may be reproduced in narrative form from the memory of the court and counsel and incorporated in the case-made as showing all the evidence introduced in the trial court.

**2. Trial—Stenographic Record—Right of Counsel to Transcript.**

Section 1786, Rev. Laws 1910, confers upon the parties or their counsel the absolute right to a transcript of the court reporter's notes of the evidence and other proceedings, and makes it the mandatory duty of the trial judge, upon request, to require the court reporter to take down in shorthand the evidence and transcribe the same after being taken down.

**3. Same—Necessity for Request for Transcript.**

A request of the trial judge or court to direct the court reporter to transcribe and furnish a party to the litigation a transcript of his notes of the evidence and proceedings is not a condition to the right of such party to have a transcript of the court reporter's notes of the evidence and proceedings.

**4. Same—Right to Rely on Court Reporter.**

It is neither slight, ordinary nor gross negligence on the part of the complaining party or his counsel to rely upon the court reporter furnishing him or his counsel with a transcript of his stenographic notes of the evidence and proceedings, for the purpose of incorporating same in a case-made for appeal or proceeding in error, within the time allowed by law or by the court within which to make and serve a case-made.

**5. New Trial—Grounds—Failure of Court Reporter to Furnish Transcript.**

If the court reporter fails, refuses, or neglects to furnish a party a transcript of his stenographic notes of the evidence and proceedings, such party, being without fault in respect thereto, is presumptively entitled to a new trial under the ninth subdivision of section 5033, Rev. Laws 1910, authorizing the trial court to grant a new trial "when, without fault of complaining party, it becomes impossible to make case-made."

**6. Same—Denial of New Trial—When Justified.**

Where there were only a few witnesses, their testimony brief, or no substantial conflict in their evidence, or the evidence is practically all composed of exhibits and documents easily accessible to the parties, and the complaining party is warned in ample time in advance that the court reporter is unable to transcribe his notes, and it appears that the complaining party's counsel were present at the time the case was tried, and counsel for the successful party indicates a willingness to co-operate with counsel for the losing party in reproducing parol testimony and verbal proceedings in narrative form, the trial court in its discretion, after reviewing all the evidence, may properly overrule the petition for a new trial on the ground that it was impossible to make a case-made, but it should clearly appear that the complaining party will not be denied a hearing in this court on a correct and truthful record of all the proceedings.

**7. Appeal and Error—Record of Evidence— Denial of New Trial for Failure to O - tain Transcript.**

All the evidence presented to the trial court in support of, and in opposition to, the petition for a new trial on the ground that it was impossible to make a case-made. should then be incorporated in a case-made or in a bill of exceptions, allowed, signed, filed in the trial court, and included in the transcript of the record, and attached to the petition in error, if the complaining party desires to have this court review the evidence in support of the petition for a new trial.

**8. Same — Final Order — Denial of New Trial.**

The order of the court overruling a petition for a new trial, alleging as grounds therefor that without fault of complaining party it became impossible to make a case-made, is a final order from which an appeal lies to this court.

**9. New Trial—Grounds—"Impossibility of Making Case-Made."**

The ninth ground of section 5033, Rev. Laws 1910, authorizing the trial court to grant a new trial where, without fault of complaining party, it became impossible to make a case-made, means that, without fault of the complaining party, it became impossible to make a case-made, serve the same on the opposing party or his counsel, have it signed and settled by the trial judge. attested by the clerk and seal attached. filed in the trial court, attached to a petition in error, and filed in this court within six months from the rendition of the judgment or final order complained of, where the plaintiff in error is neither an infant, a person of unsound mind, nor imprisoned.

**10. Appeal and Error—Case-Made—Extension of Time.**

If it be impossible to make a case-made within the time allowed by law or the extension of the time allowed by the court, and the time allowed by law or the extension of time allowed by the court has expired. the complaining party, being without fault. should then apply to the trial court under

section 5246, Rev. Laws 1910, for another extension of time, and if the trial court or judge denies his application, he may then apply to this court or a justice thereof for such extension of time, under section 5247, Rev. Laws 1910.

## 11. Sam—Impossibility of Making Case-Made—Right to New Trial.

Unless it appears that, without fault upon his part, it was impossible to make a case-made, have it served, signed and settled, attested by the clerk, filed in the trial court, attached to a petition in error, and filed in this court within six months from the rendition of the judgment or final order complained of, where the plaintiff in error is neither an infant, a person of unsound mind, nor imprisoned, the order of the trial court in overruling the petition for a new trial on the ground that it was impossible to make a case-made, will be affirmed.

Error from County Court, Lincoln County; Ira E. Billingslea, Judge.

Action by Sam Brown against J. W. Cherry. Judgment for plaintiff, and from the refusal of a new trial on the ground of impossibility of making case-made, defendant brings error. Affirmed.

On May 18, 1917, the jury returned a verdict against plaintiff in error, defendant below, in the county court; motion for a new trial was filed May 21, 1917, overruled, and exception saved; judgment was then rendered against plaintiff in error, whereupon he gave notice in open court of his intention to appeal to this court, and was then allowed 90 days to make and serve a case-made. Before the expiration of the 90 days the time to make and serve case-made was extended for 60 days additional. On November 30, 1917, plaintiff in error filed a petition in the county court for a new trial, alleging as ground therefor that, "without fault" on his part, "it became impossible to make a case-made," and as evidence thereof alleged that the 90 days allowed by the court within which to make and serve a case made expired on August 19, 1917, that during that 90 days he had been unable to obtain from the court reporter a transcript of the evidence to use in the case-made; that the court reporter had assured his counsel that the transcript of the evidence would be completed by August 18th; that on August 18th his attorneys started to Chandler to get the transcript of the evidence for the purpose of incorporating it in the case-made for service on defendant in error; that the court reporter on that date, being en route to Oklahoma City to report for service in the United States Aviation Service, met his attorneys and informed them that the transcript of the evidence had not been prepared, and suggested that they obtain an extension of time, during which extension he promised to make a transcript of the evidence; that his attorneys obtained an extension of 60 days additional; that the reporter made the transcript, but as a fact it did not reach his attorneys until two days after the extension of time for making and serving same had expired. On these facts he claims, without fault on his part, it was impossible for him to make a case-made.

Erwin & Erwin, for plaintiff in error.

W. L. Johnson, for defendant in error.

RAMSEY, J. (after stating the case). 1. Plaintiff's counsel contends that the failure, refusal, or inability of the court reporter to make a transcript of the evidence within the time allowed by law or by the court within which to make and serve a case-made, although not based on any fault or negligence of the plaintiff in error, is not sufficient to sustain a petition for a new trial under the ninth subdivision of section 5033, Rev. Laws 1910, authorizing the trial court to grant a new trial "when, without fault of complaining party, it becomes impossible to make case-made." Plaintiff's counsel say that the statutes do not require the case-made to contain a transcript of the stenographer's notes by question and answer; that the evidence may be incorporated in the case-made in narrative form; that neither party is entitled as a matter of absolute right to have a transcript of the court reporter's notes of the evidence, and he cites in support of this contention State ex rel. Wigal v. Wilson, 43 Okla. 112, in which this court granted a writ of mandamus directing the trial judge to settle a case-made not containing a transcript of the court reporter's stenographic notes of the evidence. It is true that the statute does not require the case-made to contain a transcript of the court reporter's notes of the evidence. The evidence may be reproduced in narrative form from the memory of the court, and counsel, and if the plaintiff in error elects to make up his case-made in narrative form, he may compel the trial judge to settle it, so long as he confines the case-made to a truthful record of the proceedings. But this is far from holding that the plaintiff in error has no right to a transcript of the court reporter's notes of the evidence, either for use in putting the evidence in narrative form or incorporating the transcript in haec verba in the case-made. Court reporters in this state are officers; they are put under oath and are paid by the state or county. Section 1785, Rev. Laws 1910, directs the district judge, "whenever in his judgment it will expedite public business and tend to the more economical administration of justice," to appoint "a shorthand reporter who shall be well skilled in

the art of stenography and competent to perform the duties required of him." Section 1786 makes it "the duty of the court reporter to take down in shorthand and to correctly transcribe, when required, all the proceedings upon the trial of any cause, as well as all statements of counsel, the witnesses, or the court, made during the trial of any cause or with reference to any cause pending for trial, **when required by a party or attorneys interested therein,** and all other matters that might properly be a part of a **case-made for appeal or proceeding in error;"** provides that an attorney in any case pending "shall have the right to request of the court or stenographer that all such statements or proceedings occurring in the presence of the stenographer, or when his presence is required by such attorney, shall be taken and transcribed," and provides that "a refusal of the court to permit, or, when requested, **to require,** any statement to be taken down by the stenographer, or transcribed after being taken down, upon the same being shown by affidavit, or other direct and competent evidence, to the Supreme Court, shall be deemed prejudicial error, without regard to the merits thereof." Section 1787 fixes the annual salary, and in addition thereto authorizes the reporter to make certain charges for writing transcripts. Section 1788 empowers the judge to direct the court reporter to transcribe his notes at the expense of the county where the defendant in a criminal case is unable to pay for the same, and makes an affidavit that he "intends in good faith to take an appeal in the case." Sections 1833 to 1836, inclusive, provide for court reporters in the county courts. See, also, Session Laws of 1919, page 244. The various acts creating superior courts authorize the judges thereof to appoint reporters, sometimes the county court reporter acting as superior court reporter in counties of certain population. See, also, Session Laws of 1919, page 194. It is unnecessary to review the various acts of the Legislature in regard to court reporters, but see Session Laws of 1919, page 194, and Session Laws of 1915, page 41. Section 1836, Rev. Laws 1910, makes the provisions of section 1786, Rev. Laws 1910, applicable to the county courts. Section 1786 confers upon a party the absolute right to a transcript of the stenographer's notes of the evidence and other proceedings, and makes it the mandatory duty of the trial judge, upon request, to require the stenographer to take down in shorthand the evidence and transcribe the same after being taken down. Tudor v. State, 14 Okla. Cr. 67, 167 Pac. 341; Dabney v. Hathaway, 51 Okla. 658, 152 Pac. 77. It would be one of the curiosities of the law to hold that a party had the absolute right to demand and obtain a transcript of the court reporter's notes of the evidence and proceedings "and all matters that might properly be a part of a case-made for appeal or proceeding in error," as provided by section 1786, Rev. Laws 1910, and then hold him guilty of negligence because he and his counsel relied upon the court reporter to make a transcript of his stenographic notes of the evidence and proceedings for the purpose of incorporating same in the case-made. This court knows that it is now, and has been for years, a well-established custom and usage among lawyers to rely upon the court reporter to transcribe his notes of the evidence and proceedings for the purpose of incorporating the same in a case-made, and while it is true that a plaintiff in error may make and serve a proper case-made containing the evidence in narrative form, without a transcript of the court reporter's notes of the evidence and proceedings, nevertheless it is neither slight, ordinary, nor gross negligence on the part of plaintiff in error and his counsel to rely upon the court reporter to furnish them with a transcript of his notes of the evidence and oral proceedings within the time allowed by law or by the court within which to make and serve a case-made, and if said court reporter fails, refuses, or neglects to make such transcript, and the appealing party and his counsel are without fault in respect thereto, the complaining party is presumptively entitled to a new trial under the ninth subdivision of section 5033, Rev. Laws 1910. The spirit of this ruling is sustained in Laclede Oil Co. v. Miller, 69 Oklahoma, 172 Pac. 84; Watt v. State, 16 Okla. Cr. 352, 183 Pac. 512; Peck v. McClelland, 65 Oklahoma, 166 Pac. 78.

It is unnecessary for the complaining party to show that he requested the judge to direct the court reporter to transcribe and furnish him a transcript of his notes of the evidence and proceedings. That positive duty is imposed upon the court reporter upon the request of counsel or a party, provided, of course, the court reporter's fees are tendered or arranged, except in criminal cases mentioned in section 1788, Rev. Laws 1910. Upon the complaining party showing these facts, nothing else appearing, he has made a case entitling him to a new trial. There may arise exceptions to this general rule. Thus, where there were only a few witnesses, their testimony brief, or no substantial conflict in their testimony, or the evidence is practically all composed of exhibits and documents easily accessible to the parties, and the complaining party is warned in ample time in advance that the court reporter is unable to transcribe his notes, and it appears that the complaining party's counsel were present at the time the case was tried, and counsel for the successful party indicates a

willingness to co-operate with counsel for the losing party in reproducing the parol testimony and verbal proceedings in narrative form, the trial court in its discretion may, after reviewing all the circumstances, properly overrule the petition for a new trial on the ground herein discussed, but it should appear clearly that the complaining party will not be denied a hearing in this court on a correct and truthful record of all the proceedings, including the evidence, before the trial court. All the evidence presented to the trial court in support of and in opposition to the petition for a new trial on this ground should then be incorporated in a case-made or in a bill of exceptions, allowed, signed, and filed in the trial court and included in the transcript of the record, and attached to the petition in error, if the complaining party desires to have this court review the evidence in support of the petition for a new trial.

Realizing the frailty of the human memory, whether it be that of the judge or counsel, the inability of opposing counsel to understand and remember the testimony of witnesses in like manner, and the amount of the trial judge's time frequently consumed in settling a dispute between counsel and parties, as to the testimony of witnesses, the Legislature of this state has made court reporters a part of the judicial machinery for the administration of justice. The reporting of cases is generally for the sole purpose of facilitating the accurate reproduction of trials in the nisi prius courts for review in this court.

2. The order of the court overruling a petition for a new trial, alleging as grounds therefor that "without fault of complaining party, it became impossible to make a case-made," is a final order from which an appeal lies to this court. Laclede Oil & Gas Co. v. Miller, 69 Oklahoma, 172 Pac. 84; Hoffman Bros. Inv. Co. v. Porter, 68 Oklahoma, 172 Pac. 632.

3. The ninth ground of section 5033, Rev. Laws 1910, authorizing the trial court to grant a new trial where, without fault of complaining party, it became impossible to make a case-made, means that, without fault of the complaining party, it became impossible to make a case-made, serve the same on the opposing party or his counsel, have it signed and settled by the trial judge, attested by the clerk, filed in the trial court, attached to a petition in error, and filed in this court "within six months from rendition of the judgment or final order complained of," where the plaintiff in error is neither an infant, a person of unsound mind, nor imprisoned. That is to say, the impossibility to make a case-made must exist during the time allowed to commence a proceeding in error

in this court, as provided by act of the Legislature approved February 14, 1911. Session Laws of 1910 and 1911, page 35. If the papers are lost through no fault of the complaining party and cannot be substituted or their loss otherwise supplied, and thus the impossibility of making the case-made is shown, the complaining party is entitled to a new trial. Peck v. McClelland, 65 Oklahoma, 166 Pac. 78; Elliott v. State, 5 Okla. Cr. 63. But if the court reporter furnishes the complaining party a transcript of his notes of the evidence and proceedings in a sufficient time to allow the complaining party to make the case-made, serve it, have it signed and settled, attested by the clerk, seal attached, filed in the trial court, attached to a petition in error, and then filed in this court, within the time allowed by law to commence a proceeding in error in this court, then it cannot be said that it was impossible to make a case-made.

In this case the petition for a new trial shows that the transcript made by the reporter reached the attorneys for plaintiff in error nearly 30 days before the six months expired within which to commence a proceeding in error in this court. Although the transcript reached them two days after the time allowed by the trial court to make and serve the case-made, nevertheless plaintiff in error should have then proceeded under section 5246, Rev. Laws 1910, to immediately give notice to counsel for defendant in error, stating the time and place, that he would apply to the trial court for an order granting further time within which to make and serve a case-made, such further time, however, not to exceed the limit of time within which a proceeding in error may be begun in this court. The time for commencing a proceeding in error in this court did not expire until November 21st. Plaintiff in error had 30 days within which to perfect his record. New trials are expensive, and he should have applied to the trial court for an order giving him more time, although the previous time allowed had expired, and if relief there was denied, he should have applied to this court or a justice thereof, as provided by section 5247. Not having pursued the remedy allowed him by sections 5246 and 5247, and having actually received a transcript of the reporter's stenographic notes in time to perfect an appeal, it clearly appears that he did not make out a case in support of his petition for a new trial on the ground that, without fault, it was impossible to make a case-made.

The judgment is affirmed.

HARRISON, V. C. J., and PITCHFORD, JOHNSON, and McNEILL, JJ., concur.