## BANKARD v. GIBSON.

No. 15057—Opinion Filed Dec. 16, 1924.

Rehearing Denied March 14, 1925.

**New Trial—Grounds—Impossibility of Perfecting Case-Made.**

The ninth ground of section 572, Comp. Stat. 1921, authorizing the trial court to grant a new trial where, without fault of complaining party, it becomes impossible to make a case-made, means that, without fault of complaining party during the time given or extended for preparing the record, it becomes impossible to make a case-made and serve the same on the opposing party or his counsel, have it signed and settled by the trial judge, attested by the clerk with seal attached, filed in the trial court, attached to petition in error and filed in this court within 6 months from the rendi-

tion of judgment or final order complained of. where the plaintiff in error is neither an infant, a person of unsound mind or imprisoned.    Cherry v. Brown, 79 Okla. 215, 192 Pac. 227.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Motion for new trial under section 572, Comp. Stat. 1921, by C. S. Bankard in the case of C. S. Bankard against Geo. O. Gibson, and from the order overruling the motion plaintiff appeals. Affirmed.

Arthur G. Croninger, for plaintiff in error.

Ray McNaughton and J. G. Austin, for defendant in error.

Opinion by THREADGILL, C. The appeal in this case is from an order of the court overruling a motion for new trial under the 9th subdivision of section 572. Compiled Statutes, 1921. This subdivision provides for new trial: "When without fault of complaining party, it becomes impossible to make a case-made." The facts in the case were substantially as follows:

Judgment was had against plaintiff, and his motion for new trial, made within 3 days after judgment rendered, was overruled December 2, 1922, notice of appeal was given at the time, and 90 days extention from date was granted for preparing and serving case-made. On December 6, 1922, plaintiff ordered the court reporter to prepare case-made; on February 28, 1923, plaintiff obtained a further extention of 90 days from March 2, 1923, for preparing and serving case-made. Soon after the second extention order plaintiff received a letter from the court reporter, dated February 27, 1923, acknowledging receipt of order for case-made and requesting a deposit of $50, and stating that as soon as the deposit was made the order would be given early attention. On April 24, 1923, the deposit asked for was made; on May 30, 1923, the case-made, incomplete for the lack of copies of the files, was sent by express from Bartlesville, Okla., to counsel for plaintiff at Joplin, Mo., and was received by the attorney the next day, June 1, 1923. The six months for filing the appeal expired the next day, June 2, 1923. After receiving the case-made, counsel for plaintiff made no further effort to complete the case-made, to have it served, settled and filed with the Supreme Court, but on July 30, 1923, plaintiff filed his motion in this proceeding for a new trial, claiming the right on the ground that it was impossible to prepare and serve

case-made within the time required by law and that he was without fault in the matter. His motion was resisted by the defendant on the ground that the facts stated were not sufficient to entitle him to a new trial under the 9th subdivision of section 572, of the statutes. The court heard the cause on the pleadings and arguments of counsel, and overruled the motion, and plaintiff brings the case here for review, urging that the court's ruling was erroneous.

Mr. Justice Ramsey, in construing this statute under which plaintiff claims his right to a new trial. in Cherry v. Brown, 79 Okla. 215, 192 Pac. 227, lays down the following rule:

"The 9th ground of section 5033. Rev. Laws 1910 (572. Comp. Stat. 1921), authorizing the trial court to grant a new trial where, without fault of complaining party, it becomes impossible to make a case-made, means that, without fault of complaining party, it becomes impossible to make a case-made and serve the same on the opposing party or his counsel, have it signed and settled by the trial judge, attested by the clerk and seal attached. filed in the trial court attached to a petition in error, and filed in this court within six months from the rendition of judgment or final order complained of, where the plaintiff in error is neither an infant, a person of unsound mind, nor imprisoned."

Plaintiff claims he could not complete the case-made, serve it on counsel at Miami, Okla., have it settled by the trial judge, attested and filed by the clerk, and then forward it to the Clerk of the Supreme Court at the State Capitol, and have it filed there within the time from June 1st, the day he received the incomplete record, to the end of June 2nd, the last day of the six months for completing the appeal.

We think this is correct, that it was practically impossible to complete the appeal within this time, and if these were the only facts and circumstances in the case, we would be disposed to reverse the cause and order a new trial. The plaintiff was not at fault in not being able to complete the record and get his case-made filed in the Supreme Court from June 1st, to the end of June 2nd, but was he blameless in the chain of facts and circumstances leading up to Jue 1, 1923? The test is, according t othe rule above cited, whether "without fault of the complaining party", it becomes impossible to make a case-made", etc. On February 27, 1923, the court reporter wrote counsel for plaintiff a letter asking for a deposit of $50 and stating as soon as the same was made he would give early at-

tention to the work of preparing the case-made. Counsel received this letter without delay, but failed to comply with this request for nearly two months, sending a draft for the deposit on April 25, 1923, leaving only 38 days in which to prepare and serve and settle and file the record in the Supreme Court. The order extending time provided ten days for suggesting amendments and five days for settling the case-made, and this time must run within the six months allowed for completing the appeal, and taking this 15 days from the 38 days. left only 23 days from the 25th of April in which to make up the record to be served on the defendant. It seems that the record in this case was somewhat voluminous. as the cost of preparing the incomplete record amounted to about $65, and there was some difficulty in getting all the papers to be copied in the case, and these facts were known or could have been known by the plaintiff, and yet he delays until April 25th to make the deposit for the record. which was only 23 days before the time the same should be served on the defendant. It further appears from the record that counsel made application and obtained a second extension of 90 days from March 2nd. in which to prepare and serve the case-made. which was only two days before expiration of the six months and 15 days additional time for amendments and settling the case-made, which could not be complied with after the expiration of the six months.

This order might have been misleading to the court reporter in making up the record and it might have been misleading to counsel representing the plaintiff, but. whether it was or was not, there was no one at fault for this erroneous order but the plaintiff, and whether this order had anything to do with the delay and failure to make up the record in time to be served and complete the appeal or not, it shows a lack of diligence on the part of counsel for plaintiff.

It was the plaintiff's duty to make arrangements with the court reporter without delay for transcribing his shorthand notes, by requesting him to make up the record and by depositing the required fees for this purpose. He could not discharge this duty by ordering the reporter to prepare the case-made and saying that he would guarantee the fees, nor could he delay nearly two months after the demand for fees was made by the reporter, before making the deposit, when he knew this delay would only give about 23 days for making

up the record, and when he also knew the duties of a court reporter, and that only days off from court work and extra time were all the time the reporter had for making up records for appeals, and then claim to be without fault. If such a practice were permitted it would open the door for obtaining new trials where they could not be obtained upon the merits and set a premium upon laxness instead of awarding diligence. Neither can the plaintiff be excused for the erroneous order for extending the time for preparing the case-made and serving and settling the same.

Taking all these facts and circumstances into consideration and applying the rule announced in the case of Cherry v. Brown, supra, we think the order of the court was correct in overruling the motion for a new trial, and we, therefore, recommend that the judgment be affirmed.

By the Court: It is so ordered.