**COUSINS et al. v. WILSON et al.**

No. 17617.   Opinion Filed Oct. 18, 1927.

Rehearing Denied Jan. 24, 1928.

(Syllabus.)

**Appeal and Error—New Trial Because of Impossibility of Making Case-Made—Denial of Petition, When Affirmed.**

"Unless it appears that, without fault upon his part, it was impossible to make a case-made, have it served, signed and settled, attested by the clerk, filed in the trial court, attached to a petition in error, and filed in this court within six months from the rendition of the judgment or final order complained of, where the plaintiff in error is neither an infant, a person of unsound mind, nor imprisoned, the order of the trial court in overruling the petition for a new trial on the ground that it was impossible to make a case-made, will be affirmed."   Cherry v. Brown, 79 Okla. 215, 192 Pac. 227.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Rayford Cousins et al. against Fred Wilson et al.   Judgment for defendants.   Petition of plaintiffs for new trial denied, and they bring error.   Affirmed.

James M. Hays, for plaintiffs in error.

Wellington L. Merwine and Wallace & Stephens, for defendants in error.

LESTER, J.   The parties to this appeal appear in the same position as in the district court, and will be referred to as they appeared there.

The plaintiffs, on the 5th day of May, 1925, filed a petition to vacate a certain judgment and grant a new trial, which judgment had been rendered thereon on the 18th day of September, 1924, in favor of the defendants.

On the 20th day of September, 1924, the plaintiffs filed a motion for new trial, which was by the court overruled on the first day of November, 1924.

Plaintiffs sought to appeal from the judgment rendered on the 18th day of September, 1924, in favor of the defendants, but failed to perfect the same, and in their petition for new trial filed on the 5th day of May, 1925, they allege:

"The plaintiffs say that they prepared and served their case-made upon the counsel for defendants and gave notice of the time and place of presenting same to the court for settlement of said case-made, and the court was unable to settle and sign same for the various reasons set out in his findings and decision thereon, copy of which is hereto attached, made a part hereof, marked 'Exhibit B,' and by reason thereof it became impossible, without the fault of the plaintiffs, to make case-made, complete same and file it in the Supreme Court, before the expiration of the time for taking appeal."

On the 3rd day of June, 1925, the defendants filed an answer to the petition of the plaintiffs in which the defendants allege:

"That defendants deny that it became impossible without the fault of the plaintiffs to make case-made, complete same and file in the Supreme Court before the expiration of the time for taking appeal; but defendants state that the failure of plaintiffs to prepare and serve and have settled a case-made in said cause before the expiration of the time for taking appeal was occasioned by the gross negligence and absolute lack of diligence upon the part of plaintiffs, as disclosed by the finding and decision of the court, a copy of which is attached to and made a part of plaintiffs' petition, and as disclosed by the following facts and circumstances. * * *"

On the 13th day of January, 1926, the court rendered a judgment refusing to vacate the judgment of September 18, 1924, and grant the plaintiffs a new trial.   From this action of the court, the plaintiffs prosecute this appeal.

The plaintiffs in their brief quote only one authority to support their proposition, to wit:

"By section 5241, Revised Laws 1910, it is provided as follows: 'A party desiring to have any judgment or order of the county, superior or district court, or a judge thereof, reversed by the Supreme Court, may make a case, containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the Supreme Court.'"

It appears that the plaintiffs obtained eight extensions of time in order to prepare the case-made and perfect their appeal.

The case-made was tendered to the trial judge on the 28th day of April, 1925, and the trial judge, upon examination of the case-made, made the following statement in part:

"What I am concerned with is this, I have a case-made submitted to me for signing and the certificate that I am asked to sign, which I know of my own knowledge is not true, I am asked to make a certificate that it contains a true and correct copy of all pleadings, orders, findings, evidence and proceedings and judgment in said cause.   Now I know of my own knowledge it is not true, from statements made by both sides here in open court. * * * And with this statement I decline to sign this case-made. * * *"

It appears that the plaintiffs attempted to reproduce by narrative form the evidence submitted in the original case.

The defendants claimed that:

"Said evidence as produced by the plaintiffs was biased, incomplete, and did not contain a true statement of the evidence; that it omitted the instructions of the court to the jury; the verdict of the jury; the rulings of the court on the question of jurisdiction; proceedings showing selection of the jury; the evidence of the witnesses for the defense, to wit: James B. Kelly, J. I. Belford, Oscar Tolon, V. D. Clayton, A. H. Hart, Fred Stevens, J. L. Newhouse; the record of the Farmers National Bank at Beggs showing the payment of the note of Jack and Nellie Cousins by Pompey Johnson, husband of plaintiff Georgia Johnson; and depositions of Georgia Johnson, to which was attached as an exhibit the original checks of A. R. Reed to Georgia Johnson for $300 and $1,100 which was raised on the question of forgery."

We are not favored with a copy of the case-made tendered to the trial judge by the plaintiffs, and therefore we are unable to determine whether or not the case-made was subject to the deficiencies found to exist therein by the trial judge, and in the absence of the case-made we must presume that the findings of the trial judge were correct in that the case-made as tendered him by the plaintiffs was incomplete and insufficient to justify its attestation by the trial judge.

Defendants further claimed that they were entitled until the 2nd day of May within which they could suggest amendments to said case-made, which would be one day after the six months time allowed for appeal would have expired.

Section 572, C. O. S. 1921, provides:

" * * * The former verdict, report or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party: * * * Ninth. When, without fault of complaining party, it becomes impossible to make case-made."

In the instant case it appears that the plaintiffs procured eight extensions of time in which to prepare the case-made, and finally, and within three days before their time expired for filing their appeal in the Supreme Court, they presented to the trial judge a record as to which the trial judge found from his own knowledge that the said case-made was not correct.

In the case of Cherry v. Brown, 79 Okla. 215, 192 Pac. 227, this court said:

"Unless it appears that, without fault upon his part, it was impossible to make a case-made, have it served, signed and settled, attested by the clerk, filed in the trial court, attached to a petition in error, and filed in this court within six months from the rendition of the judgment or final order complained of, where the plaintiff in error is neither an infant, a person of unsound mind, nor imprisoned, the order of the trial court in overruling the petition for a new trial on the ground that it was impossible to make a case-made, will be affirmed."

In this case, the failure of the plaintiffs to prepare a proper case-made and present the same to the trial judge for settlement was clearly caused by the plaintiffs' negligence and delay, and certainly it would be an act of great injustice to set aside a former judgment and award a new trial under these circumstances.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 376, §2046.