## OKLAHOMA UNION RY. CO. v. DASCUS.

No. 18691.  Opinion Filed Oct. 23, 1928.

Grant & Grant and Walker & Lewis, for plaintiff in error.

Hughes & Ellinghausen, for defendant in error.

HALL, C.  In this case a judgment was rendered against the plaintiff in error in the district court of Creek county. Its motion for a new trial was overruled on March 1, 1926. Notice of appeal was given and time was allowed for making and serving a case-made. Three weeks thereafter plaintiff in error ordered a case-made from the court reporter, and from time to time the reporter obtained orders extending the time in which to make and serve the case-made.

The reporter completed the case-made on or about the 2nd or 3rd day of August, 1926. On the 4th day of August, he left the state for a vacation. On that date, however, he left the case-made in the office of the court clerk of Creek county, with instructions to deliver the same to the local attorneys for the plaintiff in error  The case-made was delivered either on the 6th of August, or about the 10th of August. It was not served on the attorneys for defendant in error until August 18th. On Aug-

ust 24th, plaintiff in error served notice on the defendant in error that the case-made would be presented to the trial judge for settlement on the 30th day of August. The trial judge was out of the state at that time. He left the state about the 4th of August, and did not return until about September 4th. He was somewhere in Colorado.

On September 2nd plaintiff in error filed a motion for new trial under subdivision 9, sec. 572, Comp. Stat. 1921, which provides that a new trial may be granted when without fault of the complaining party it becomes impossible to make, serve and settle a case-made within time to lodge the appeal in the Supreme Court.

The motion was overruled, and we think properly so. Plaintiff in error failed to show anything more than ordinary diligence in connection with having the case-made prepared, served and settled in the time provided by law. The time for filing the cause in the Supreme Court expired on September 1st.

The principal contention of the plaintiff in error is that, as the district judge was out of the state during the month of August, 1926, and his whereabouts was unknown, the case-made could not be settled within the time provided by law. In this connection, plaintiff in error falls far short of showing a state of facts which would justify a conclusion that it was impossible or impracticable for its attorneys to locate the district judge, and have him return to Creek county to settle the case-made in time for filing same in this court.

It is true the trial judge left the state without stating generally his destination or his whereabouts. He testified, however, that his brother, who lived in Sapulpa, knew where he was, and that he received mail at the general delivery window at Colorado Springs, Colo. The local attorney for plaintiff in error testified that he inquired of the court clerk as to the whereabouts of the judge, and tried to locate his brother for that purpose, and also inquired of several lawyers, including one of the attorneys for defendant in error, and no trace of the whereabouts of the judge could be found. This situation was no doubt discouraging to the attorney for the plaintiff in error; but, still, that showed only ordinary diligence. The attorney by no means showed that he exhausted all the reasonable sources of probable information as to the whereabouts of the judge.

In this connection, it may be mentioned that the judge testified that he would have returned from Colorado had he known the necessity of affixing his signature to this case-made.

This case is governed by rule, or rather analogous principles, set forth in the case of Adams Oil, Gas & Development Co. v. Hivick, 74 Okla. 117, 176 Pac. 938; and the case of Cherry v. Brown, 79 Okla. 215, 192 Pac. 227.

We do not mean to say that the word "impossible," as used in the statute, means absolute impossibility; but it means a condition of relative impossibility under the circumstances not brought about by the fault of the complaining party. As used in this particular statute, the term means that the thing or object could not have been accomplished by the employment of all the agencies and means which reasonable men would expect concerning matters of grave and considerable importance.

The plaintiff in error, at most, failed to use anything more than ordinary diligence.

For the reasons herein stated, the judgment is hereby affirmed.

BENNETT, HERR, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.