## ABRAHAM et al. v. ROLAND OIL CO.

No. 18824. Opinion Filed Jan. 22, 1929.

Cheatham & Beaver, for plaintiffs in error.

Walker & Lewis and Thrift & Davenport, for defendants in error.

BENNETT, C. January 15, 1924, there was filed in district court of Creek county an action numbered 12590, wherein F. F. Myers was plaintiff and Roland Oil Company, Joe Abraham, Herbert Abraham et al., were defendants. This case was later consolidated with case No. 14000 in the same court. Defendants and certain interveners filed pleadings and cross-petitions, and upon trial by the court, a judgment was rendered in favor of Roland Oil Company, and perhaps other defendants, and against Joe Abraham and Herbert Abraham, who appealed to this court, the case being No. 18-658, which appeal was, upon motion of defendants in error, dismissed for the reason that the case-made had not been signed by trial judge and attested by court clerk.

For convenience the oil company will be herein referred to as plaintiff, and the Abrahams as defendants.

This case is now sought to be presented here for review upon the sole ground that it was impossible for defendants to have the case-made signed by the trial judge and attested by the court clerk, and they filed a motion on this ground to vacate judgment and for new trial on August 20, 1927, the day before filing the irregular case-made as No. 18658 in this court. This motion for new trial was based on subdivision 9, section 572, C. O. S. 1921. The said motion, in substance, is as follows:

Defendants move the court to set aside judgment rendered herein on February 1, 1927, for the reason that, without fault of these movants, it became impossible to make and serve case-made, in that they could not get same signed by trial judge; that, on June 7, 1927, the court reporter completed case-made, which was thereafter filed with court clerk and notice given plaintiffs; that the time for suggesting amendments elapsed, but, on June 24th, a stipulation was entered into between all parties, to the effect that said case-made was true and correct and embodied all the pleadings, etc., and waiving the right to suggest amendments, and agreeing that same might be signed and settled without further notice by trial judge, which waiver became a part of the case-made, and that at the time of making the agreement, the attorneys for the oil company requested attorneys for plaintiffs that the case-made be not presented to trial judge for signing and settlement until after August 1, 1927, and that plaintiffs might before and up to and including said date suggest and incorporate in said case-made amendments, and that amendments were made to the said case-made by plaintiffs, and that defendants fulfilled the provisions of said verbal agreement, and that after August 1st, they were and have been unable to have the case-made signed by trial judge; that Herbert Abraham attempted, on the 3rd or 4th of August, to have case-made signed by trial judge, but he was away on vacation and his address was unknown; that one of the attorneys sent a telegram to the judge, but it was returned undelivered; that defendants' attorneys were diligent in their efforts to find the trial judge to get the case-made signed, but have failed.

Upon hearing the motion and supporting testimony, the trial judge overruled said motion with exceptions to defendants. The correctness of this ruling is the sole question here. It was agreed that the record should show a general denial by plaintiff. The defendants presented their case by introducing the verified motion, and rested; the plaintiff caused certain testimony to be taken as follows:

William L. Cheatham, an attorney for defendants, as a witness for plaintiff testified, in substance, that he was one of the attorneys representing the Abrahams at the trial, and that he prepared and served all the parties to the suit with case-made; that he left on his vacation about July 25th.

"Q. Of course, after filing the record in the court clerk's office you asked the attorneys opposing you to stipulate that the case-made was correct, and that the court could sign it as a case-made; I mean that the parties waived service of notice upon them of the time of settlement? A. On the 24th day of June, I think it was, all of the parties, who would be respondents in the appeal, signed the certificate attached to the case-made, in which they agreed that it was a true and correct case-made, and waived suggestions of amendment, and waived notice of the signing and settling of the same by the trial judge as a matter of record. That is the way the record shows now. Q. Mr. Cheatham, you are here on motion days, are you not? A. Yes, sir. Q. And, on two motion days, did you hear the remarks of the court that the judge of the court was going to leave on the 1st or 2nd, and would not hold court until the first day after Labor Day, and that if any parties had any records to perfect, or orders extending time, it should be attended to, because the judge was going away? A. No, sir, not to that extent, I don't remember hearing the judge make the announcement; but I had information gathered generally from some one that the judge sometime during the month of

August was going away. As to the date I did not know. Q. And you left about the 25th of July, and before you left you left instructions with your partner or some one else that this case-made be settled before he left? A. No, sir. I didn't make such arrangements then. When I left on the 25th I expected to be back on the 1st of August. On the 2nd or 3rd (of August) I determined I was not coming back, and wrote a letter to my partner, C. O. Beaver, and also to Herbert Abraham, calling their attention to this matter, and suggesting that they have it settled and signed. Their affidavits show they received that communication on the 3rd day of August. I must have written it on the 2nd. * * * Q. Is it not true that you advised the various parties that you would wait until the 1st of August for suggestions of amendments? A. Yes, sir. Q. And that nothing was ever said about waiting until an indefinite date after the 1st of August? A. No, sir, nothing was said about an indefinite date after the 1st of August. Q. But you did advise the parties that if they had any suggestions or amendments you wanted it made the 1st of August, and you knew the judge was going away about the 1st of August? A. I had that general knowledge. Who told me. I don't know; but I don't remember its being announced in the court room. I probably wasn't in here at the time. I am present at all these motion days as a usual rule. I don't think I have missed over two or three during the time Judge Speakman has been in office."

The witness testifies further that he returned August 18th, and immediately lodged the case-made with petition in error in Supreme Court, after trying, without success, to get in touch with the judge.

Upon the suggestion of the respective attorneys, the court dictated, in substance, into the record as follows: That, on July 18th, which was the last motion day the court held in Sapulpa in said month, the court made a statement in open court, when a great many lawyers were present attending the motion docket, to the effect that he was going to leave August 2nd to be gone for a month and would not be here for the transaction of any business, and that theretofore he had had trouble about the signing and settling of cases-made, and the court therefore earnestly requested the attorneys to investigate their business and see whether or not they had any cases-made in which the time might expire during such absence, and urged them to present to him all records and cases-made for signing before he left on August 2nd, and that he would be away during said month, and unable to transact any of said business; that the said statement was made on the 18th day of July, and possibly during the motion docket just prior to that time, which was on the first Monday in July —not positive about that—but is entirely positive of making the statement on July 18th.

There is but one allegation of error, and that is that the court erred in overruling the motion for new trial. Counsel for defendants rely upon the case of Gardner v. Blanton, 80 Okla. 143, 194 Pac. 1084. The court in that case, discussing the purpose of Revised Laws 1910, sec. 5033, subdivision 9, says, among other things:

"The purpose of Rev. Laws 1910, sec. 5033, subd. 9, is to give the party desiring to appeal a new trial where, through no fault of his own, he is unable to make up a written statement of the facts in the case, and have them duly authenticated by the trial judge for submission to the Supreme Court for review. This law is not meant to supply facts, but merely to give the right to new trial where the facts in the case cannot be prepared for submission to the Supreme Court, because of such casualties as make it impossible to make case-made. The purpose of the law is not to supply what may have been omitted at the trial or in attempting to secure a new trial, either through carelessness, inadvertence, or misfortune, but merely to give litigants the right to new trial where they cannot get a record for review in the Supreme Court of what has been done in the case."

And, also, Cherry v. Brown, 79 Okla. 215, 192 Pac. 227. They also refer to Bankard v. Gibson, 109 Okla. 124, 233 Pac. 1069, Farmer v. State, 5 Okla. Cr. 151, 114 Pac. 753, Jordon v. State, 6 Okla. Cr. 384, 118 Pac. 813.

It may be seen that whatever rights the defendants have must spring from a proper construction and application of the 9th subdivision of section 572, C. O. S. 1921, which provides, among other things:

"The former verdict, report or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party: * * * 9. When, without fault of complaining party, it becomes impossible to make case-made."

The following facts are shown without dispute: Mr. William L. Cheatham was one of defendants' attorneys in the trial, and after judgment prepared and served the case-made, which was stipulated by all parties to be correct, but it was agreed between the respective attorneys that the same should not be presented for signing by the trial judge until August 1st, and meanwhile plain-

tiff might suggest amendments which would be incorporated in the case-made any time by August 1st; that amendments were suggested during said period by plaintiff probably before the 25th of July; that, on July 18th, the judge announced in open court, on the regular motion day, that it was his intention to leave on his vacation August 2nd, and he would not during the month be accessible to make any orders or to sign cases-made or make extensions of time therefor, and asking the lawyers to go over their dockets and present their matters to him before he left; that Mr. Cheatham had the general knowledge that the trial judge was going to leave about August 1st; that Mr. Cheatham left for his vacation July 25th, expecting to return August 1st, but did not do so; he decided August 2nd or 3rd that he was not going to return, and wrote his associate, Mr. Beaver, and to one of the defendants to have the case-made signed. These letters were not received until August 3rd, and on that, or the succeeding day, one of the defendants tried to have case-made signed by trial judge, who was absent and his whereabouts unknown. Mr. Cheatham returned August 18th, and, finding the judge still away, filed case-made in Supreme Court. The judge left on his vacation on August 2nd, according to his plan. No arrangement to have the case-made presented to the judge for signing was made by Mr. Cheatham when he left, as he expected to return August 1st. He had the general knowledge that the judge was going away on August 1st, but does not know as to who informed him as to that. There is no proof as to what detained Mr. Cheatham, or as to why he did not communicate with his associate counsel or the defendants before the time at which the judge was due to leave. There was no attempt made to show that the case-made could not have been signed by the judge on August 1st, or on August 2nd; there is no showing that the counsel associated with Mr. Cheatham was away or was prevented by any circumstance from presenting case-made before the judge left, nor is there any showing that he was ignorant of the plan of the judge to be away; nor is he shown to have been ignorant of the request by the judge that such matters as might need his attention during the month of August be presented to him by August 1st, and especially matters on appeal requiring his signature.

All the evidence introduced was the affidavit by the defendants and their counsel, and the oral testimony of their counsel, and it must appear that the case for defendants was as strongly presented as the facts would warrant.

Upon these facts, the trial court held that the motion for new trial of defendants should be denied. This finding was general and might have included the finding that the failure to complete the case-made was inadvertent on the part of counsel, or that the completion thereof was not impossible, or that counsel had not given the matter that careful attention which it deserved in making their plans conform to the known plans of the trial judge, or in failing to make arrangements for the completion of the case-made when one of the attorneys was to leave town. The general finding might have and perhaps did include all of these elements. At any rate we conclude that the finding of the court was so clearly right as not to require a more extended discussion. It certainly was not the fault of the trial judge; the opposing counsel are not charged with any wrongdoing, and the necessary inference follows that, since defendants' counsel had knowledge of the facts bringing about the emergency claimed, they should have guarded against it.

The holding of the trial court is supported, we think, by all the authorities, not only those cited by plaintiff, but also by those cited by defendants. The case of Adams Oil, Gas & Development Co. v. Hivick, 74 Okla. 116, 176 Pac. 938, wherein it is held:

"When the evidence in support of a motion for a new trial under Rev. Laws 1910, sec. 5033, subsec. 9, shows that the attorney for the appealing party received case-made on the last day for service, but fails to show that it could not have been served on said day, nor an extension of time for service of same obtained, a new trial is properly denied"

—is squarely in point against defendants. Also, the case of Franklin v. Smith, 106 Okla. 75, 232 Pac. 934, and the cases of Harry v. Abraham, 96 Okla. 62, 220 Pac. 336, Bankard v. Gibson, 109 Okla. 124, 233 Pac. 1069, Cherry v. Brown, 79 Okla. 215, 192 Pac. 227, and Oklahoma Union Ry. Co. v. Dascus, 133 Okla. 83, 271 Pac. 242, sustain in principle the trial court, for which reasons the judgment of the trial court is affirmed.

DIFFENDAFFER, HERR, HALL, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 46 C. J. §205, p. 238, n. 25.