## McGUIRE v. OKLAHOMA CITY BLDG. & LOAN ASS'N.

No. 17166. Opinion Filed June 11, 1929.

Rehearing Denied Oct. 22, 1929.

C. L. McGuire, for plaintiff in error.

Everest, Vaught & Brewer, for defendant in error.

LEACH, C. A personal judgment and foreclosure of real estate mortgage covering two lots in Belle Vista addition to Oklahoma City was rendered in the district court of Oklahoma county, in favor of Oklahoma Building & Loan Association against C. L. McGuire, from which judgment he appealed to this court, where the judgment was affirmed in an opinion reported in McGuire v. Oklahoma City Bldg. & Loan Ass'n, 112 Okla. 158, 241 Pac. 800.

Upon affirmance of the judgment of foreclosure and pursuant thereto, the real estate involved was sold at sheriff's sale, which sale, over objection of the defendant, McGuire, was confirmed by the district court of Oklahoma county on December 19, 1925; thereafter, on January 4, 1926, the motion of defendant, McGuire, to vacate the sale and for a new trial upon the order confirming the sale was overruled and he was granted 15 days to file supersedeas bond and 30 days to make and serve a case. On February 2, 1926, the defendant, McGuire, filed in the district court his motion for leave to amend, within 20 days, the supersedeas bond previously filed by him by adding thereto additional sureties, which bond appears to have been disproved by the court clerk, and

for 60 days additional time to make a case-made, also a pleading entitled "Supplemental Motion for a New Trial," which latter motion concludes with a prayer for a new trial and leave to amend the supersedeas bond and for 60 days for completion and service of case-made.

On February 3, 1926, the defendant, McGuire, filed in this court and cause a pleading entitled "Petition in Error," which refers to various steps in the litigation in the cause and alleges that the real estate involved was sold for only two-fifths of its value; that he filed his order for case-made and made deposit thereon; that the court reporter says it cannot be completed within the time originally allowed by the trial court and that the trial court has refused an extension of 60 days to complete the case-made; alleges that he filed a good and sufficient supersedeas bond and that the plaintiff in the court below procured the court clerk to delay his duty to approve the bond; that the trial court sustained the motion to strike the bond contrary to the weight of the evidence; that a writ of assistance for possession of the real estate involved was erroneously issued in the cause on February 2nd; and concludes the pleading as follows:

"Wherefore, plaintiff in error prays for an order superseding the judgment below, and for time to file a good and sufficient bond to be approved by this court, or the clerk thereof, or the clerk of the court below, as this court shall direct. Prays for an order for time in which to complete case-made under the statute in appeals made and provided, and for reversal of the errors complained of in the court below, which by error seek to impair the property rights and personal possession of the plaintiff in error, and for such other and further relief as the court may in equity and good conscience, deem due plaintiff in error. * * *"

No case-made or certified transcript of the record is attached to the petition in error, but there is attached thereto a certified copy of the motion for additional time to amend the supersedeas bond and prepare case-made, copy of supplemental motion for a new trial, copy of notice of intention to appeal from the judgment, order, and decree rendered on December 19, 1925. January 4, and February 2, 1926, also copy of the writ of assistance referred to.

It is difficult to determine from the record before us and the briefs filed by the plaintiff in error on August 6 and December 31, 1926, under what provision of the statutes the plaintiff in error seeks relief in this court. If the supplemental pleading filed in the district court by the defendant on February 2nd, entitled "Supplemental Motion for a New Trial," was filed under and with a view of the relief provided by subdivision 9, sec. 572, C. O. S. 1921, authorizing a new trial where it becomes impossible to make case-made, without fault of complaining party, then the record before us is insufficient to give this court jurisdiction under the holding in Brown v. Oklahoma City, 107 Okla. 252, 231 Pac. 855, and the case of Cherry v. Brown, 79 Okla. 215, 192 Pac. 227. However, from the prayer of the petition filed by plaintiff in error herein we conclude he is proceeding under the provisions of section 790, C. O. S. 1921, which reads as follows:

"If the court rendering final order or judgment in a cause, or the judge thereof, shall refuse to allow a reasonable time to make and serve a case, or to file the same in the appellate court, the party desiring to file the appeal or proceeding in error may, upon notice to the adverse party, make application to the appellate court having jurisdiction of such an appeal or proceeding in error, or to one of the justices thereof, for such order, and said court and justices thereof shall have the same power and jurisdiction in relation to such matters as the court in which such final order and judgment was rendered, but their orders shall be filed in the trial court."

The trial court granted plaintiff in error 30 days to make and serve a case-made, which ordinarily would allow a reasonable time to make and serve the same, there being no issue involved except that relating to the sale of the property. We are unable to determine from the record before us just why the record was not completed, whether through fault of the court reporter or of the plaintiff in error. It is stated by the plaintiff in error that he filed his order for case-made and made deposit thereon, but we are unable to determine when he made his order for the record, whether immediately or some time after the order of the court fixing time to make and serve the case.

The petition in error says: "The court reporter says it cannot be completed within time," but does not state any facts or reason why it could not have been completed. The motion for an extension of time in which to prepare case-made presented to the trial court does not set forth any facts or reason for failure to prepare the same within the time originally fixed, and from the record the motion appears to have been orally presented to the trial court and later reduced

to writing. There is a statement in one of the briefs by plaintiff in error to the effect that the court reporter advised him that some testimony relating to the value of the property sold had been ordered stricken by the trial court, but even if such statement be true, such fact would not prevent the preparation of the record showing the true facts or prevent the submission of sufficient facts and allegations from which it might be determined whether the defendant was entitled to additional time to make a case. This court has frequently passed upon the question of the right of a party to a new trial as provided by subdivision 9 of section 572, C. O. S. 1921, because of inability to make case-made. The statement and ruling in such cases are to some extent related and applicable to the statute authorizing an additional extension of time to make case-made as provided by section 789, C. O. S. 1921, and section 790, supra.

It is said in the syllabus in the case of Oklahoma Union Ry. Co. v. Dascus, 133 Okla. 83, 271 Pac. 242:

"Before a new trial can be granted under section 572, Comp. Stat. 1921, it must be shown that, through no fault of the complaining party, it has become impossible to make and serve a case-made and lodge an appeal to this court in the time provided by law. 'Impossible,' in this connection, means wholly impracticable under the circumstances not created by nor attributable to the complaining party."

"A motion for new trial, based upon the ground that it has become impossible for the complaining party to make and serve a case-made, is addressed to the sound discretion of the trial court. The ruling of the court thereon will not be reversed unless it is made to appear that there was a clear abuse of discretion in denying the motion for new trial." Whitling v. Parshall, 120 Okla. 121, 252 Pac. 395. See, also, Cherry v. Brown, 79 Okla. 215, 192 Pac. 229; Abraham v. Roland Oil Co., 135 Okla. 43, 273 Pac. 997.

"To authorize the making of an order extending the time for serving a case-made under section 789, C. O. S. 1921, after the time allowed by law or a former order extending the time has expired, notice must be given the adverse party of the application for such order, and a showing made to the court or judge that the failure to serve the case-made within the time previously allowed and then expired was because of 'accident or misfortune which could not reasonably have been avoided.'" In re Estate of Stout, 117 Okla. 12, 245 Pac. 868; Wylie v. Shutler, 55 Okla. 377, 155 Pac. 513.

The case of Irwin v. First Nat. Bank of Madill, 47 Okla. 538, 149 Pac. 1081, was one in which the party against whom judgment had been rendered appealed to this court under the provisions of section 5247, R. L. 1910, which section is the same as 790 of the Compiled Statutes 1921, for additional time to make and serve case-made, and the court in that case held that, as the trial court did not refuse to allow the parties a reasonable time to make and serve a case, the application should be denied. The following statement in the body of the opinion in that case is applicable to the one at bar:

"In the first place, it would seem that the power of this court to act would depend upon whether the trial court or judge thereof refused to allow defendants below a reasonable time to make and serve a case-made or to file the same in this court."

To authorize the appellate court or a justice thereof to make an order under the provisions of section 790, Compiled Statutes 1921, it is necessary for the party applying for the same to show that the court rendering the order or judgment sought to be appealed from refused to allow a reasonable time to make and serve the case or file it in the appellate court, that it is impossible to make, serve, or file the case within the time allowed by statute or the extension of time allowed by the trial court, if any, and that he is without fault in respect thereto.

There is no copy of the motion to vacate or of the objections to the sheriff's sale of the property involved, but from the petition in error and briefs filed by the plaintiff in error it would appear that the only objection to the sale was that the property was sold for $1,000, about two-fifths of its value. While we do not attempt to pass upon the merits of the objection to the sale and the ruling of the trial court thereon, yet we call attention to the fact that mere inadequacy of price is not sufficient grounds on which to avoid a judicial sale, as is so held in the following cases: State ex rel. Com'rs of Land Office v. Wilson, 124 Okla. 236, 254 Pac. 968; Dickinson-Reed-Randerson Co. v. Markley, 117 Okla. 17, 244 Pac. 754; Whitchurch v. Doughty, 133 Okla. 283, 271 Pac. 1033.

From an examination of the record presented, we conclude, and are of the opinion, that the defendant, plaintiff in error herein, has not shown sufficient facts to bring himself within the provisions of section 790, supra, or to entitle him to any relief thereunder. We fail to find from the record wherein the trial court abused its discretion in refusing to grant additional time to make and serve case-made or wherein the plaintiff

in error has been deprived of any substantial right.

Therefore, the relief prayed for by the plaintiff in error is denied.

TEEHEE, FOSTER, JEFFREY, and HALL, Commissioners, concur.

By the Court: It is so ordered.