## STATE v. LESTER GETTINS.[1]

April 21, 1939.

No. 31,917.

*George A. French,* for appellant.

*J. A. A. Burnquist,* Attorney General, *M. Tedd Evans,* Assistant Attorney General, and *David L. Grannis, Jr.,* County Attorney, for the State.

[1]Reported in 285 N. W. 533.

PETERSON, JUSTICE.

Defendant was convicted in justice of the peace court of violating 3 Mason Minn. St. 1938 Supp. § 2720-229. He appealed to the district court, which affirmed the conviction, and from that judgment he appeals to this court. The statute reads as follows:

"No truck shall be driven or parked on any highway with tail-gate or tail-board hanging down or projecting from the vehicle except while such vehicle is being loaded or unloaded, and except when a load thereon extends beyond the tail-gate or tail-board, rendering impossible the closing thereof."

The evidence shows that defendant drove his van truck on a highway with the tail-gate projecting, that the truck was loaded with boxes or crates, that some of the boxes or crates rested partially on the truck and on the tail-gate, and that the tail-gate was also loaded. The defense was that the case comes within the exception of the statute for the reason that it was impossible to close the tail-gate because some of the boxes and crates extended beyond the body of the truck and were partially on the tail-gate. The court below rejected this plea and found "that the truck could reasonably have been loaded without the boxes or crates resting partially on the truck and partially on the tail-gate."

The statute should receive a reasonable construction, and effect should be given to its purpose. The statute is a safety measure. Its purpose is to compel operators of motor trucks to keep truck tail-gates closed so as to prevent merchandise and other matter from falling out on the highway, thereby creating perils endangering other traffic. It is a well known fact that an automobile going at a high rate of speed might be precipitated off the highway by striking a heavy, solid object such as a box or crate full of merchandise or other material. There is also danger to other vehicles, especially those following a truck, from a tail-gate projecting or swinging. The statute also recognizes the fact that some articles are longer than motor trucks commonly used, and that if such articles are to be transported at all they must be so loaded as to extend beyond the tail-gate. The purpose of the exception in the statute is to

permit the tail-gate to project only when the materials or articles transported are longer than the truck body and cannot be carried therein. This simply means that it must not have been reasonably possible to load the truck without having part of such articles or materials project beyond the end of the tail-gate. In all other cases the tail-gate must be kept closed. If it is possible to place the goods on the truck without part projecting, that is required to be done. It is not permissible after the body of the truck has been loaded to utilize space at the end by placing boxes or crates partly on the truck itself and partly on the tail-gate. That would permit the trucker to make it impossible to close the tail-gate. "Impossible," as used in the statute, means wholly impracticable under the circumstances and not created or attributable to the party. Geisen v. Luce, 185 Minn. 479, 242 N. W. 8; McGuire v. Oklahoma City Bldg. & Loan Ass'n. 139 Okl. 105, 281 P. 230; 2 Wd. & Phr. (4 Ser.) p. 275. In that situation a trucker is required to limit his load to what he can place in the body of the truck with the tail-gate closed.

The finding that the truck could reasonably have been loaded without rendering the closing of the tail-gate impossible is sustained by the evidence.

Affirmed.

MR. JUSTICE HILTON, incapacitated by illness, took no part.