## LEE v. PIERCE.

No. 15916—Opinion Filed Sept. 22, 1925.

Rehearing Denied Nov. 3, 1925.

**1. Master and Servant—Liability for Negligent Driving of Automobile by Servant—Presumptions and Burden of Proof.**

In an action to recover damages for personal injuries, alleged to have been caused by the negligent operation of defendant's automobile by his servant, the driver, when it is proved that the defendant is the owner of the automobile and that the driver thereof was in the employ of the defendant at the time of the accident, there arises a legal presumption that the driver was acting for the defendant, the master and within the scope of his, the servant's, employment; and the burden of proof shifts to and rests upon the defendant to prove that, at the time of the

accident, the driver was not acting for the defendant, but was using the automobile for his, the driver's or servant's, own purposes, or outside the scope of his employment.

**2. Same—Effect of Driver Deviating from Route Directed by Master.**

The fact that the servant, in driving an automobile, deviates from the route he was directed by the master to take, does not relieve the master from liability for the negligence of the servant in operating the automobile during such deviation, unless the servant, in making such deviation, abandoned the master's business.

**3. Same—Negligent Driving—Evidence.**

Where the evidence shows that the servant, in driving an automobile of his master's on the streets of a city at night, ran over a pedestrian, who was crossing the street, and, at the time of the accident, the lights of the automobile were not burning and no alarm was given, and the horn was not sounded before the automobile struck the pedestrian, and the car was being driven at a rate of speed in excess of that authorized by the ordinances of the city, there is sufficient proof to justify the court in finding there was primary negligence on the part of the servant, the driver, in striking the pedestrian.

**4. Trial—Duty of Court to State Separate Conclusions of Fact.**

Under section 556, C. O. S. 1921, when questions of fact are being tried by the court, it is the duty of the court, upon the request of one of the parties, to state the conclusions of fact, separately from the conclusions of law; but this includes only such conclusions of fact as are deducible from the evidence produced.

**5. Appeal and Error—Harmless Error—Incompetent Evidence in Trial to Court.**

Record examined, and held, that no prejudicial error is shown to have been committed by the court's making inquiry of the defendant as to whether he carried insurance on his automobile.

**6. New Trial—Impossibility of Completing Case-Made—Insufficiency of Showing.**

It is not error to overrule a motion for a new trial on the ground of impossibility to complete the case-made by reason of the death of the court reporter, where a case-made is prepared by another reporter, and the attorneys for both parties in the action stipulate that such case-made is full, true, and correct, and contains a true and correct transcript of all the evidence, pleadings, records, and proceedings in the case, and the case-made is duly settled and signed by the trial judge as such.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; George C. Crump, Assigned Judge.

Action by John Pierce against Timothy D. Lee. Judgment for plaintiff, and defendant brings error. Affirmed.

Hardy, Speilman, Thomas & Harris, for plaintiff in error.

E. P. Fulling and A. L. Harbinson, for defendant in error.

Opinion by JARMAN, C. This is an action by John Pierce against Timothy D. Lee to recover damages for injuries sustained by being struck by an automobile owned by the defendant, and operated by his chauffeur. A jury was waived and the cause submitted to the court, resulting in a judgment for plaintiff, and the defendant has appealed.

The accident occurred at the corner of Cincinnati and Archer streets in the city of Tulsa, Okla. The main defense was that the defendant's car was not in that section of the city where the accident occurred and that the defendant's car did not strike the plaintiff. In other words, the defendant relied upon what may be termed an alibi as a defense. The facts and circumstances submitted, however, clearly sustain the finding of the court that the plaintiff was struck by defendant's car, and the alibi theory is not presented here for review.

The defendant owned a Winton Six automobile, which he kept for the use of his family, and the same was driven by Wilbur Grant, who had been in the employ of defendant, acting as his chauffeur for about six years. The defendant resided at the corner of Sixth and Denver streets, and he owned and operated a laundry located at Cheyenne and Archer streets. The laundry is eight blocks north and one block east of the home of the defendant, and the most direct route from the home of defendant to the laundry is to go eight blocks north on Denver street, and one block east on Archer street. The accident occurred on Archer street at a point little less than four blocks east of the laundry. On the evening of the accident, the wife of the defendant instructed the chauffeur to drive the car "straight down Denver street" to the laundry to bring the defendant home. Instead of going straight down Denver street, the chauffeur turned on some street, not disclosed by the record, to Cincinnati street, which runs north and south and parallel with and five blocks east of Denver Street, and drove north on Cincinnati street to Archer street, where the car ran over the

plaintiff while he was attempting to cross Archer street. In arriving at the place of the accident, the car was driven a little less than four blocks from the course the chauffeur was directed to follow. The record is silent as to why the chauffeur deviated from the course he was instructed to take, and we are unable to find from the record what mission, other than going for the defendant, the chauffeur was engaged in when he deviated from the course he was directed to take.

The first proposition urged by the defendant may be disposed of by determining whether the chauffeur was at the time of the accident acting within the scope of his employment, or whether he had completely abandoned the business of his employer, and was acting entirely for himself. It is a well settled rule of law in this jurisdiction, that when it is proven that the automobile causing the injury was owned by the defendant, and that it was, at the time of the accident, being driven by an employe of the defendant, a legal presumption arises that the driver was acting for the owner and within the scope of his employment. It is not necessary for the plaintiff to make any further proof in order to make out a case, and when these facts are shown, the burden of proof shifts to and rests upon the defendant to prove that at the time of the accident, the driver was not acting for the defendant, but that the employe was using the car for his own purposes, and outside the scope of his employment. Stumpf v. Montgomery, 101 Okla. 257, 226 Pac. 65; Kramer v. Nichols-Chandler Home Building & Brokerage Co., 93 Okla. 227, 220 Pac. 338.

Under the foregoing rule, when the plaintiff proved that the automobile in question was owned by the defendant and that the same was being driven by his employe, at the time of the accident, the burden of proof shifted to and rested upon the defendant to show affirmatively that the employe, the chauffeur, was at the time of the accident engaged in some business, or was on some mission of his own and not acting within the scope of his employment. The fact that the chauffeur deviated less than four blocks from the route he was instructed to follow, merely proves that the chauffeur violated his instructions. It does not prove that the chauffeur was engaged in a business or some mission of his own. Under this record, there is nothing to show what was the purpose of the chauffeur in deviating from the route he was instructed to take. He had been in the employ of the defendant for a period

of six years and it may be that he had turned aside from his route to perform some business which the defendant had theretofore instructed him to perform. We are left to conjecture about this part of the trip, but the presumption is, in the absence of any showing to the contrary, that, being in the car of the defendant and in the employ of the defendant, with authority to operate the car, he was at the place of the accident on a mission for the defendant, and in the defendant's business. The defendant complains that the evidence does not show why the chauffeur deviated from his instructed route, and why he was at the place of the accident. The burden of showing this, if the chauffeur was engaged in his own business, was upon the defendant. The fact that the chauffeur deviated from the route he was directed to take, and performed his master's business contrary to instructions, does not absolve the defendant, the employer from liability caused by the negligence of the employe in driving the automobile of the employer.

As said by the court in the case of Geraty v. National Ice Co., 16 App. Div. 174, 44 N. Y. Supp. 659:

"The question in every case is whether the act he was doing was one in prosecution of his master's business. * * * If the act was one which, continued until the termination, would have resulted in carrying out the object for which the servant had been employed, the master would be liable for whatever negligence might take place during its performance, although the servant, in doing it, was not obeying the instructions of the master, or although he had deviated from the route prescribed by the master for the purpose of doing some act of his own, but with the intention, at the same time, of pursuing his master's business."

The controlling point is whether the servant in deviating from the directed route, completely abandoned his master's business. In this connection the correct rule, supported by the great weight of authority is laid down by the court in the case of Healey v. Cockrell (Ark.) 202 S. W. 229, as follows:

"The fact that the servant acts also for himself, while performing service for his employer, and in doing so diverts from the usual route or method of performing the service, will not exonerate the employer from responsibility for misconduct of the servant. Sometimes the extent of the deviation may be so slight, relatively, that as a matter of law it can be said that it does not constitute a complete departure from the master's service, while under other circumstances the deviation may be so marked that it can be

said as a matter of law that it does constitute an abandonment of the master's service, while under still other circumstances the deviation may be so uncertain in extent or degree that it leaves a question of inference to be drawn by a trial jury as to whether or not there has been such an abandonment as to relieve the master from responsibility for the servant's act." Eakins v. Anderson (Ky.) 183 S. W. 217; Ritchie v. Waller, 63 Conn. 155; George v. Carstens Packing Co. (Wash.) 158 Pac. 529.

The deviation from the directed route in the instant case is such that the court cannot say, as a matter of law, that it does or does not constitute a complete departure from, or an abandonment of, the master's service, and, under the facts and circumstances submitted in evidence, this question was one of fact and the court's finding thereon will not be disturbed, since there is sufficient evidence to sustain the finding that the servant was acting within the scope of his employment.

The second proposition urged by the defendant is that the trial court overruled the defendant's demurrer to the evidence of the plaintiff. Under this proposition, the defendant contends that there is no evidence of primary negligence on the part of the chauffeur, causing the injury complained of by the plaintiff. We think there is ample evidence to sustain the findings of the trial court in this regard. The evidence on the part of the plaintiff discloses that it was dark at the time of the accident, that the lights on the car were not burning, that the car was driven at a rate of speed from 25 to 30 miles per hour, and in violation of the city ordinances, and that the horn was not sounded and no alarm was given by the chauffeur, and that after striking the plaintiff the car was never stopped, but continued at the same rate of speed. These facts and circumstances are sufficient to justify the court in finding that the accident was caused by and through the negligent operation of the car on the part of the chauffeur.

The defendant next contends that the trial court erred in failing and refusing to make findings of fact requested by the defendant. The defendant particularly complains of the failure of the trial court to make a finding of fact as to what purpose, and the character of the business the chauffeur was engaged in, for the defendant at the time of the accident. While, under section 556, C. O. S. 1921, it is the duty of the trial court, when requested by one of the parties, to state in writing the conclusions of fact found separately from the conclusions of

law yet, in order for the trial court to make a finding of fact with reference to any particular transaction, there must be some evidence on which to base such finding. In the instant case, there was no evidence produced to show what particular mission the chauffeur was engaged upon when he deviated from his directed route, and, therefore, it was impossible for the trial court to find as a matter of fact, what particular business the chauffeur was engaged in at the time of the accident. As heretofore stated, the presumption is that, when it was shown that the chauffeur was an employe of the defendant and was operating the defendant's car at the time of the accident, he was engaged in the defendant's business and within the scope of his employment. If the defendant expected to overcome this presumption, and desired the trial court to make a specific finding of fact as to the character and nature of the business the chauffeur was engaged in at the time of the accident, he should have produced proof from which such finding could be made, and which would overcome such presumption. The trial court did make findings of fact as he viewed it from the evidence produced, and there is no error in this regard.

As a fourth proposition, the defendant contends that the trial court committed error in causing the defendant to testify that he carried insurance on his car at the time of the accident. The record shows that the trial court, on his own motion, examined the defendant, when on the stand as a witness, as to his carrying insurance on his automobile. Counsel for defendant objected to this course of examination by the court, which objection was sustained and the answers of the defendant with reference to this proposition were stricken from the record. We are unable to see how any prejudicial error could have resulted to the defendant by the court's making inquiry with reference to insurance on the car. In the first place, this case was tried to the court, who is able to disregard any incompetent or irrelevant testimony, and to decide the case strictly on legal evidence, which might not be true in the case of a jury, which is often composed of men who are likely to be influenced and prejudiced by this character of evidence. This evidence was stricken, and there is nothing to indicate that it had any effect whatever upon the trial court in the rendition of the judgment in the case, and in the absence of a showing to that effect, the contention of the defendant that

this evidence was prejudicial is without merit.

The last proposition urged by defendant is that the trial court erred in overruling his petition for a new trial. After this case was tried and judgment rendered in favor of the plaintiff, the defendant filed a motion for a new trial which was overruled, and the defendant prayed an appeal. Before the evidence was transcribed and the case-made perfected, the court reporter, who reported the case at the trial, died, and the defendant then filed a motion for a new trial on the ground of its being impossible to complete the case-made by reason of the death of the court reporter. It developed, however, that the defendant enlisted the services of another court reporter, who transcribed the notes of the reporter, who had taken in shorthand the testimony of the witnesses, and prepared a complete case-made, and the record shows that the attorneys of the defendant signed a stipulation to the effect that the case-made, so prepared by the substituted court reporter, contained a full, true, correct, and complete copy and transcript of all of the proceedings had in said cause, containing all pleadings, all of the evidence offered and introduced, and that the same is a full, true and complete case-made, and said case-made was also duly certified to by the trial judge as being a true and correct case-made in all particulars.

The defendant now contends that the evidence is not properly transcribed, and that all of the proceedings are not correctly embodied in the case-made. It is sufficient to say in disposing of this contention, that a party will not be permitted to solemnly enter into a stipulation to the effect that a case-made does contain a true and correct transcript of the evidence and contain all of the records and proceedings in the case, and have the trial judge to certify and settle the case-made as being true and correct, and then in this court be heard to say that the reporter did not correctly transcribe the evidence in the case.

There being no prejudicial error appearing in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 Cyc. p. 46; anno. 49 L. R. A. (N. S.) 1601, L. R. A. 1918D, 924: 2 R. C. L. p. 1198; 1 R. C. L. Supp. p. 732; 4 R. C. L. Supp. p. 152; 5 R. C. L. Supp. 138. (2) 28 Cyc. p. 39. (3) 28 Cyc. p. 47. (4) 38 Cyc. pp. 1954, 1962, 1967. (5) 4 C. J. p. 999, § 2982. (6) 29 Cyc. p. 874 (Anno).