## HARRIS et al. v. FIRST NAT. BANK OF PRYOR CREEK et al.

No. 19288.   Opinion Filed Nov. 19, 1929.

Rehearing Denied Dec. 17, 1929.

John C. Graves, for plaintiffs in error.

J. H. Hill and Harry Seaton, for defendants in error.

CLARK, J. This cause presents error from the district court of Mayes county, wherein plaintiffs in error on the 7th day of September, 1921, filed in the district court of Mayes county a motion for new trial in a cause at issue and theretofore tried in said court under the style and name of First National Bank of Pryor Creek, Okla., a Corporation, v. J. H. Harris and T. C. Harrill et al.

The principal allegations of the motion for new trial are as follows:

That these defendants respectfully show to the court that on issues tried in said cause between these movants and the Farmers Co-operative Gin Company, a corporation, on which issues were made, the court made findings of fact and reduced the same to writing and adopted a part of its finding of facts from stipulation entered into between the parties, all of which is a part of the court stenographer's record in said cause. That judgment was awarded in favor of Farmers Co-operative Gin Company, against these movants, that within three days from the entering of the judgment these movants filed a motion for new trial, which was on the 7th day of March overruled and these defendants gave notice in open court of their intention to appeal to the Supreme Court of the state of Oklahoma, and for good cause shown were given an extension of 90 days' time from said date in which to make and serve case-made. These defendants show to the court that in a trial of said cause, 24 witnesses were called and testimony was heard and made of record; that all the testimony of said witnesses, together with the record with all motions and stipulations, was taken by Frank McClure of Okmulgee, Okla., acting as court stenographer. That the remainder of the record was taken by a different stenographer. That on May 31, 1929, these movants were granted an extension of time to the 25th day of July, 1927, in which to make and serve case-made. At some time prior to the 22nd day of July, 1927, these movants were informed by their attorney that said court stenographer, Mr. Frank McClure, had for some weeks past been suffering from an affliction of his eyes and was for that reason unable to transcribe his notes as court stenographer.

Your movants further show that owing to the volume of record and by reason of the large number of witnesses used by the part-

ies to this cause, it is impossible for them to procure an abstract of the testimony of said witnesses or state the substance thereof from memory, and that it is impossible to secure an abstract of the stipulation of fact entered into between these parties in the trial of this cause.

Your movants further show to the court that by reason of the impairment of his eyesight, the said court stenographer, Frank McClure, cannot make either a transcript of the testimony of the witnesses or a transcript of the stipulations of fact entered into by the parties; that said court stenographer's record, to wit, his shorthand notes, is the only record of these facts, including the testimony of the witnesses as aforesaid.

Your movants further show to the court that the law questions raised in the record and in the motion for a new trial in this cause are such that a transcript of Mr. McClure's notes is a necessary part of the case-made.

· Your movants further show the court that by reason of the matters and things above set forth, they, your movants, are without fault in this cause, and that it is impossible to make a case-made and serve the same on the opposing party, to wit, the Farmers Co-operative Gin Company, or its attorneys, within the statutory time allowed for the filing of this cause in the Supreme Court of the state of Oklahoma, and pray for a new trial.

No plea was filed by either of the defendants in error traversing the allegations of this motion for new trial filed by the plaintiffs in error. The record in this case discloses that for the plaintiffs in error to perfect their appeal, it was necessary that there should be included in case-made testimony of witnesses taken on said hearing and also the stipulation entered into by the parties to said cause for a proper determination of the assignments of error sought to be presented to this court. Wide discretion is given the trial court in the granting or refusing a new trial on the grounds of impossibility of making a case-made, under the 9th subdivision of section 572, O. O. S. 1921. It also appears from the record that a second extension of time to prepare and serve case-made was granted plaintiffs in error, and that several weeks prior to the expiration of extension of time Mr. Frank McClure, the court reporter, was suffering with his eyes, and was unable to read his notes or transcribe the same.

The record discloses that an additional extension of time was granted by the trial court upon the grounds that the court reporter was physically unable to prepare the evidence and stipulations requested and required by plaintiffs in error to perfect their appeal.

Section 572, 9th subdivision, supra, is as follows:

"When without fault of complaining party, it becomes impossible to make a case-made."

Was the complaining party in this cause without fault? This court in Cherry v. Brown, 79 Okla. 215, 192 Pac. 227, in the 4th paragraph of the syllabus said:

"It is neither slight, ordinary, nor gross negligence on the part of the complaining party or his counsel to rely upon the court reporter furnishing him or his counsel with a transcript of his stenographic notes of the evidence and proceedings, for the purpose of incorporating same in a case-made for appeal or proceeding in error, within the time allowed by law or by the court within which to make and serve a case-made."

The record in this case discloses that the case-made could not be made without the testimony and stipulations taken by Mr. McClure, who through no fault of plaintiffs in error was unable to transcribe the same. The time allowed by the court to prepare and serve the case-made is authorized by the statutes of this state. And it was not negligence for the plaintiffs in error to rely on the court reporter to prepare his case-made within the time allowed by the court. There is no showing that the case-made could be prepared in any other way or in any manner than that alleged by plaintiffs in error. The disability of the court reporter during the time allowed by law for preparing and serving the case-made and the fact that the case-made could not be prepared by any other person was sufficient showing on the part of the plaintiffs in error for a new trial on the grounds of impossibility of making a case-made, and the court erred in refusing plaintiffs in error a new trial. The cause is reversed and remanded for a new trial.

MASON, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. HUNT, J., not participating. LESTER, V. C. J., absent.