## BRUNER v. HART.

No. 26710. Nov. 10, 1936.

D. G. Hart, for plaintiff in error.

John M. Stanley, for defendant in error.

PER CURIAM. This is an action in replevin by a wife against the husband, to

obtain possession of household and kitchen furnishings, commenced in a justice of the peace court of Seminole county. The cause was appealed to the superior court of that county, and from a judgment in favor of the wife the husband appeals to this court.

Counsel for the defendant in error, for the first time, suggests in his brief that the appeal should be dismissed because the evidence was not set out in haec verba or in detail in the case-made.

The evidence and oral proceedings are reproduced in narrative form and by stipulation from the memory of the court and counsel and incorporated in the case-made. The case-made contains certificates of the court and counsel certifying the case-made to be true and correct and as showing all or substantially all evidence, rulings, exceptions, and proceedings, and all the record upon which the judgment in said cause was made and entered. Although the practice is not favored, in the light of the holding of this court to the effect that the evidence may be reproduced in narrative form, from the memory of the court and counsel (State ex rel. Wigal v. Wilson, 43 Okla. 112, 141 P. 426; Cherry v. Brown, 79 Okla. 215, 192 P. 227) we are of the opinion that the facts and evidence are incorporated in the record in sufficient detail and form for a determination of the question presented on this appeal.

The parties to this action are husband and wife. The subject-matter of the litigation is household and kitchen furnishings, acquired during their marriage and used in their home. The property was acquired upon a deferred payment plan. The contract of purchase was first executed by the husband, and later a new contract was executed by the wife for the balance of the purchase price. The major portion of the purchase price specified in each of the contracts of purchase was paid by the husband. Some time after the purchase contracts were paid in full, the wife left the husband in possession of the property and thereafter sought possession by proceedings in replevin.

The appeal presents for determination by this court the question: May an action in replevin brought by one spouse against the other, for the possession of household and kitchen furniture, acquired during the marriage for the benefit of the family through the joint efforts of the parties, and used in the home, be maintained?

A married woman in this state is accorded equal legal existence with her husband, and

may apply and receive redress through the courts in her own name (O. S. 1931, sec. 1665). She may contract with her husband and others (O. S. 1931, sec. 1655), and may convey her separate property, without the consent of her husband (O. S. 1931, sec. 1658). All of which would indicate that one spouse may maintain an action in replevin against the other for his or her separate chattels. And if that were the only question involved, we would have no hesitancy in affirming the judgment of the trial court.

However, the statutory laws of this state provide that household and kitchen furniture shall be exempt to the head of the family from forced sale (O. S. 1931, sec. 1642); exempt from taxation not exceeding $100 valuation (O. S. 1931, sec. 12319, and Const. art. 10, sec. 6, O. S. 1931, sec 13639), and upon the death of one spouse immediately goes to the survivor (O. S. 1931, sec. 1223). Section 1654, O. S. 1931, provides that neither husband nor wife can be excluded from the other's dwelling, and section 672, O. S. 1931, provides:

"As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable."

It would seem that the purpose of these sections of our statutes is to exempt property of the kind and character constituting the subject-matter of this litigation from the general laws, protect the property for the benefit of the family, and provide an equitable means for division of the property upon dissolution of the home. To permit either spouse to disrupt a home by a possessory action in replevin of all or a part of the property protected by the statutes of this state for the benefit of the family, would be clearly against the intent of the acts of the Legislature.

The judgment of the trial court is reversed and remanded, with directions to enter judgment for the defendant below.

The Supreme Court acknowledges the aid of Attorneys Lewis J. Bicking, J. A. Denny, and J. H. Maxey in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. This committee submitted two proposed opinions and the cause was assigned to a Justice of this

court for examination and report to the court. Thereafter, upon consideration by a majority of the court, the analysis of law and facts as prepared by Mr. Bicking was approved and this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and WELCH, JJ., absent.