## STATE ex rel. SCHUMAN et al. v. O'BANNON, District Judge, et al.

No. 28262.  Dec. 2, 1937.

Rehearing Denied Dec. 21, 1937.

Fred W. Martin and Floyd Wheeler, for plaintiffs.

Howard S. Keagy, for defendants.

PER CURIAM. This is an original application to this court for writ of mandamus to compel the defendant S. L. O'Bannon, district judge of Okmulgee county, to settle a case wherein Alma Chatman, as plaintiff, recovered a judgment against Morris Schuman and W. H. Lancaster, same being No. 20601 in said court; the same growing out of damages for illegal ouster of premises.

The writ should be granted, with directions to settle the case-made as of the date of November 9, 1937, and to include in the certificate of settlement such suggestions of amendments to the case-made as the defendant in error may make and as he may think proper. This court has held that a judge may not refuse to settle a case-made presented to him under the provisions of section 534, O. S. 1931. See State ex rel. Wigal v. Wilson, Judge, 43 Okla. 112, 141 P. 426; State ex rel. Collins v. Parks, Judge, 34 Okla. 335, 126 P. 242, and the more recent case of Jones v. Duncan, 168 Okla. 598, 35 P. (2d) 451.

In the case of Jones v. Duncan, supra, the action of the trial court in denying the plain-

tiff's petition for new trial upon the alleged ground that without fault it had become impossible to make a case-m'ade was before this court, and this court held that the plaintiff should have proceeded to make an abstract of the evidence as suggested by Cherry v. Brown, 79 Okla. 215, 192 P. 227, and Ragan v. Shannon, 98 Okla. 289, 225 P. 672. Therein this court said:

"In this case the plaintiff should have proceeded with the preparation of his case-made, stating the evidence and oral proceedings in narrative form, if unable to obtain a transcript of the reporter's notes. He was not excused from so doing because his adversary would not agree thereto in advance. His adversary had the right to present objections to the settlement of the case-made as was done in the Wigal Case and Ragan Case, supra. Notwithstanding such objections, however, the case-made could have been settled or required to be settled by mandamus, and the appeal properly lodged."

Section 535, O. S. 1931, gives full right to either party to present corrections to a case-made fully and thoroughly, so that neither party need be harmed by the settlement of the case-made by the trial judge.

As pointed out in the response in this case, many of the matters objected to at the time of the settlement would readily be incorporated if the judge so ordered. Section 533, O. S. 1931, does not require that all of the proceedings or all of the evidence be incorporated in the record, but provides that so much thereof as is necessary to present the errors complained of shall be incorporated in the case-made. A case-made differs from a transcript. A transcript must be full, true, and correct; but a case-made is presented by the plaintiff in error, who thereby becomes its sponsor. That is why the Legislature saw fit to provide by section 535, supra, the right of amendments, and why our cases have permitted such liberal amendments. It is not necessary to include any of the evidence unless the plaintiff in error wants to include such evidence. The only rule is that if all of the evidence on the particular point is not included, the court will not review errors of law based upon the evidence nor review the sufficiency of the evidence to sustain the verdict or judgment.

The writ is granted, with directions to the trial judge to settle the case-made as of the date of November 9, 1937, m'aking such order of amendment as he sees proper.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur.