**Felix GILBERT, Plaintiff in Error,**

v.

**Earline Fern WALKER, Defendant in Error.**

No. 38828.

Supreme Court of Oklahoma.

Oct. 25, 1960.

**347**

error the only defendant. Our further use of the latter term will accordingly refer only to the Ford owner.

In his verified answer, defendant denied, among other things, that he was guilty of any negligence connected with the collision and specifically denied that, when it occurred, Fowler was his agent, servant or employee.

At the trial, it was established that, when the collision occurred, Fowler was driving the Ford to his home, after using it that day as a taxicab, in the service of Your Cab Company. No relationship or connection, however, was established between defendant (the Ford's owner) and Fowler or Your Cab Company, or its business of transporting people for hire. When Fowler, the only defense witness, was asked how long he had been driving a cab, he testified: "Oh, about eight years." Later, when asked how long he had been driving the Ford, he answered: "Oh, about a year or more."

After plaintiff rested her case, the court overruled a demurrer by defendant to her evidence; and, thereafter, before the case was submitted to the jury, the court also overruled a motion, interposed by him for a directed verdict; and told the jury, by his Instruction No. 7, that, under the evidence, Fowler was defendant's agent and employee and was acting within the scope of his authority while driving the Ford as a taxicab. After a verdict and judgment for plaintiff in the amount of $2,500 and costs, and the overruling of defendant's motion for a new trial, the latter perfected the present appeal.

For reversal of the judgment, defendant argues three propositions, but argument as to the first one sufficiently demonstrates the trial court erred in overruling his motion for a directed verdict, that it is unnecessary to mention or discuss the other two. As showing that the evidence failed to make out a prima facie case for plaintiff's recovery against him, defendant cites Stumpf v. Montgomery, 101 Okl. 257, 226 P. 65, 32 A.L.R. 1490, for the rule that negligence

Dyer, Powers & Gotcher, James D. Bass, Tulsa, for plaintiff in error.

O. B. Graham, Jr., Amos T. Hall, Tulsa, for defendant in error.

BLACKBIRD, Justice.

This action arose out of a collision between a Chevrolet Sedan, driven by defendant in error, and a Ford Sedan, driven by one Ira Elliott Fowler and owned by plaintiff in error. When defendant in error instituted this action as plaintiff to recover damages for personal injuries she allegedly received in the collision, she named both Fowler and plaintiff in error as defendants, but service on Fowler was never obtained, and the case went to trial with plaintiff in

in an automobile accident cannot be imputed to a defendant merely upon proof of his ownership of the offending auto. He refers to this case as overruling the earlier case of Boling v. Asbridge, 84 Okl. 280, 203 P. 894, which held:

"When the plaintiff has suffered injury from the negligent management of an automobile, it is sufficient prima facie evidence that the negligence was imputable to the defendant, to show that he was the owner of the car without proving affirmatively that the person in charge was the defendant's servant."

Plaintiff's counsel, on the other hand, contends that defendant's argument confuses "two principles of law"; one dealing with the sufficiency of evidence to support a presumption of agency for the purpose of upholding a verdict; the other dealing with the sufficiency of evidence to support such presumption, for the purpose of establishing a prima facie case and withstanding a demurrer, or motion for a directed verdict. Counsel cite no legal basis for the inference that proof of defendant's ownership of the vehicle, without more, may be sufficient for one of these purposes, without being sufficient for the other; and such argument does nothing to advance, or support, their proposition. They also say that the Stumpf case only "modified", rather than "overruled" the Boling case, supra; and, in an apparent effort to show that the rule followed in the latter case is still in force, they cite the more recent case of Sheppard v. Hall, Okl., 282 P.2d 212, in which it was cited. The rule in question has not only been recognized by this court, but by others, as "no longer the law in Oklahoma" (Dismang v. Western Union Telegraph Co., D. C.N.D.Okl., 24 F.Supp. 782, 784). See Ries v. Cartwright, Okl., 297 P.2d 367, 369, and the quotation in the paragraph following citation of the Boling case, supra, in the Annotation, 42 A.L.R. 898, at page 901 thereof. In Neilan Co. v. Miller, 175 Okl. 104, 52 P.2d 783, 785, we said:

"In the Stumpf Case, supra, this court, in overruling a former decision, Boling v. Asbridge, 84 Okl. 280, 203 P. 894, said: 'And that the opinion is hereby modified to the extent of holding that before the negligence of the driver of an automobile is imputed to the owner of the car, *it is necessary to prove* that the defendant was the owner of the car and *that the relation of master and servant existed between the driver and the owner of the car,* which proof raises a presumption that at the time of the accident the driver was acting for the owner and within the scope of his authority.'" (Emphasis ours).

The citation of the Boling case, supra, in the Sheppard case, supra, was not only unfortunate because of its misleading effect, but it was unnecessary, because, in the latter case, the evidence revealed more than merely the defendant's ownership of the car involved—it also tended to show that he was the car driver's master, principal, or employer. As hereinbefore indicated, there is no such evidence in this case.

■ Plaintiff's brief reminds us, however, that, in the present case, "there was additional evidence" besides the established fact of defendant's ownership of the car involved. One bit of evidence she doesn't specifically mention, but which might be regarded as pertinent in some jurisdictions (where the defendant car owner's knowledge and/or consent to its use by the driver, is sufficient to render him liable for the driver's negligence) is the afore-quoted testimony of Fowler that he had driven defendant's car " * * * a year or more." Assuming, without deciding, that this testimony was sufficient basis for an inference that defendant must have known Fowler had the car, and, even assuming its sufficiency to support the further conclusion that he must have known Fowler was using it in the Your Cab Company's service, such testimony would not be enough, when coupled with the fact of defendant's ownership, to render him liable. In this State " * * * the fact that the operator is in charge of the automobile with the owner's consent raises no presumption of agency."

Randolph v. Schuth, 185 Okl. 204, 90 P.2d 880, 881. This differs from what appears to be the rule in the majority of other States, which have court decisions and/or statutes productive of contrary results. See Am. Jur., Vol. 5A, "Automobiles and Highway Traffic", secs. 611, 920, 922, Vol. 35, "Master And Servant", sec. 599; Blashfield, Cyclopedia of Automobile Law and Practice, (Perm. Ed.) Vol. 9 B, secs. 6057, 6058, 6059, 6064, 6065; Annotations, 74 A. L.R. 951, and 96 A.L.R. 634. For a discussion of some of such statutes, see the Annotations at 61 A.L.R. 866, 83 A.L.R. 878, and 135 A.L.R. 481. While Blashfield makes the statement, without citation of authority, that possession of a vehicle gave rise, at common law, to the presumption that the driver was upon the owner's business (Id., p. 538), it is believed that this has reference principally to cases where the driver is shown to be an employee of the owner (see 5A, Am.Jur., supra, secs. 576, 611). There is dicta in at least one "employee case" that would seem to support basing a presumption of the driver's authority for using the car, on a statute making it a felony to take possession of, and use, a motor vehicle without authority (Hatter v. Dodge Bros., 202 Mich. 97, 167 N.W. 935), but since, in this jurisdiction, evidence that the driver has the owner's consent, or authorization, is not enough, without evidence that he is said owner's agent or employee, such expressions are not persuasive here, although, in cases involving vehicles used in certain types of businesses, we have followed precedent in evolving, from statutes applicable to such vehicles, the presumption that drivers shown to be employed in the business, were, at the time of the accidents involved, engaged in their employer's business, or within the scope of their employment. See Norton v. Harmon, 192 Okl. 36, 133 P.2d 206, and P. & S. Taxi & Baggage Co. v. Cameron, 183 Okl. 226, 80 P.2d 618. In no case involving either a pleasure, or a business, or commercial, motor vehicle has this court ever held that the car driver's negligence can be imputed to the defendant merely upon proof of his ownership of the car and his consent to its use, and without any evidence of a relationship between him and the driver, or with the auto's use, that would justify regarding the two as principal and agent. Even in the early case of Norris v. Kohler, 41 N.Y. 42, which has often been cited as one of the base cases for the "ownership presumption", there was evidence that the defendant owner of the span of horses and wagon involved was in the business of furnishing such equipment for the enterprise in which the span and wagon were engaged at the time of the accident. As already indicated, there is a total absence of any such evidence in this case. In Webb v. Dixie-Ohio Express Co., Inc., 291 Ky. 692, 165 S.W.2d 539, 540, it was said:

"The rule is well established in this jurisdiction that mere proof of ownership of an automobile is not sufficient to raise the presumption that at the time of an accident it was being operated by an agent of the owner or in the course of the owner's business. * * *

"In applying the rule we see no sound reason for drawing a bare distinction between a pleasure car and a commercial vehicle *in the absence of facts from which it could be presumed that the commercial vehicle was being used in the course of the owner's business."* (Emphasis ours.)

As hereinbefore indicated, there is no evidence in this case that the defendant owner of the car involved is an owner of Your Cab Company or has any interest in, or connection with, the taxi business. While there seems to be a conflict of opinion among the appellate courts of some of the states as to just what inferences, or presumptions, if any, arise in cases where the vehicle owner operates, or is connected with, the same kind of business in which the vehicle was engaged at the time of the accident (see Middletown Trust Co. v. Bregman, 118 Conn. 651, 174 A. 67, and compare with Merchants Co. v. Tracy, 175 Miss. 49, 166 So. 340, and Callas v. Independent Taxi Owners' Ass'n, 62 App.D.C. 212, 66 F.2d 192) there can be no doubt as

to the absence of any such presumption or inference in this State, where such fact is not shown, and there is no evidence of any relationship between the owner and the driver of the vehicle. To paraphrase the statement in the Middletown Company case, we think that if the people of Oklahoma deem it socially desirable to place upon the defendant in such cases, the burden of negating the existence of a relationship between the owner and the driver that would make the driver the owner's agent, then that result should be reached by appropriate legislative action, as has been done in some of the other states.

We are unable to agree with plaintiff counsel's apparent idea that testimony in this case concerning whether or not Fowler, at the moment of the collision, was acting as a taxi driver, or was on a private mission, takes this case out of the operation of the rule in the Stumpf case, supra. The significant fact that there is insufficient evidence from which it could be inferred that Fowler was the Ford owner's agent at any time of the day of the collision, renders that testimony immaterial as concerns the principal question at issue. While plaintiff boldly asserts that there doubtless exists some association between the management, or ownership, of the Cab Company and the owner of some of the cars used in its service, she admits she "has not been able to define such relationship * * *."

Plaintiff can obtain no support for her position in cases like Oklahoma City Const. Co. v. Peppard, 43 Okl. 121, 140 P. 1084, following the rule that persons found performing the work of another are presumed to be in his employment, because here there is no evidence tending to show that, in driving the Ford involved, Fowler was performing any work, task, or accommodation for defendant.

In view of the foregoing, the trial judge should have sustained the defendant's motion for a directed verdict. Because of this error and his giving of instruction No. 7, supra, it is obvious that he was not aware that, in this jurisdiction, defendant's owner-

ship of the automobile involved in the collision was insufficient, in and of itself, to render him personally liable for the negligence of its driver. Because of this error, the trial court should have sustained defendant's motion for a new trial. The judgment is therefore reversed and the cause is remanded to the trial court with directions to vacate its previous order and grant a new trial.