Burton J. LAFFOON and Mary Laffoon, Guardians of the Person and Estate of Donald Larry Laffoon, a minor, Plaintiffs in Error,

v.

S. M. KANTOR, d/b/a Kantor Oil Company, and Howard Lee Davis, Defendants in Error.

No. 38962.

Supreme Court of Oklahoma.

June 19, 1962.

As Amended Oct. 16, 1962.

Rehearing Denied Oct. 16, 1962.

See, also, 373 P.2d 252.

Jack B. Sellers, Drumright, Joe A. Moore, Sapulpa, for plaintiffs in error.

Arthurs, Blackstock & McMillan, Robert W. Blackstock, Bristow, Rucker, Tabor, Best, Sharp & Shepherd, Bryan W. Tabor, Joseph A. Sharp, O. H. "Pat" O'Neal, Tulsa, for defendants in error.

WELCH, Justice.

This appeal seeks the reversal of an order of the Superior Court of Creek County,

Oklahoma, Bristow Division, which denied a petition for new trial. The sole question presented for determination is whether without fault of the plaintiffs it became impossible for them to prepare and serve a case-made.

Judgment was rendered in favor of defendants on October 30, 1958; thereafter motion for new trial was filed, which was overruled on December 22, 1958. Notice of appeal was given, and extensions of time were entered to and including June 22, 1959, which consisted of the full six months in which to file appeal with this court. On May 5, 1959, and prior to completion of case-made, the official court reporter died. This petition for new trial was filed approximately ten days after the death of reporter, and hearing on same was completed on June 15, 1959.

The record of this hearing reveals that the reporter had dictated from his notes onto a tape recorder and had employed Mrs. Payne, a typist, to transcribe from said tape recorder the notes taken by him at the trial. The record does not reveal whether or not this transcript consisted of all the notes taken at the trial by the reporter.

Plaintiffs herein relied upon proof that it would be impossible for them to have prepared a complete and accurate transcript of all the evidence and proceedings of the trial. In support thereof plaintiffs offered testimony of three different experienced court reporters who testified that it would be impossible for them to check transcript with deceased reporter's notes and determine one hundred percent accuracy. It appears from the record that no effort had been made on their part to check the transcript, nor does it appear from the record that counsel for plaintiffs had made any effort to determine whether said transcript was a complete and accurate account of the evidence and proceedings of the trial.

 The purpose of subdivision 9, section 651, 12 O.S.1951, is to give a party who desires to appeal to this court a new trial, where through no fault of his own it becomes impossible to make a case-made, however, he must affirmatively show the same to be without fault on his part. Such law contemplates that complaining party must exhaust all reasonable means and methods which he might have employed to prepare, serve, settle and sign case-made before he becomes entitled to a new trial under the provisions thereof. Jones v. Duncan, 168 Okl. 598, 35 P.2d 451; R. & R. Motor Co. v. Kings, Inc., 169 Okl. 231, 36 P.2d 900, and Sabin et al. v. Levorsen, 184 Okl. 305, 87 P.2d 138.

 One experienced reporter whose testimony was offered by defendant testified she had compared the deceased reporter's notes with the transcript prepared by the typist, and found the transcript to be complete and accurate. Plaintiffs endeavored to impeach this testimony by offering the testimony of their counsel who stated that this particular reporter had advised him differently prior to the hearing. Regardless of this testimony, we are of the opinion that plaintiff had ample time after knowledge of the death of said reporter, and before time expired within which to file appeal, to have checked transcript, to determine themselves, whether it was complete and accurate, and if not, they then could have shown to the trial court wherein they found discrepancies and offered their version or shown that due to extensiveness of the trial they were without knowledge of facts sufficient to supply the missing links. By plaintiffs' failure to follow this procedure, we are of the opinion that they failed to exhaust all reasonable means and methods which they might have employed to prepare, serve, settle and sign case-made.

The plaintiffs in support of their contention that trial court abused its discretion in denying petition for new trial, cite Butts v. Anderson, 19 Okl. 367, 91 P. 906, wherein a new trial was denied because there was no statutory authority for the same at that time, and Harris v. First National Bank, 140 Okl. 269, 282 P. 1097, wherein it was held that where notes had not been tran-

scribed and reporter became blind it was error to deny new trial. Lee v. Pierce, 112 Okl. 212, 239 P. 989, does not support contentions of plaintiffs, since therein the court held it was not error to overrule motion for new trial, where a case-made was prepared by another reporter by reason of the death of the regular court reporter, and attorneys for both parties in the action stipulated case-made was complete; nor does Most Worshipful Prince Hall Grand Lodge, Free and Accepted Masons of State of Oklahoma et al. v. Draper et al., 208 Okl. 5, 252 P.2d 434, wherein we held that a person seeking new trial under subdivision 9, section 651, 12 O.S.1951, must exhaust all reasonable means which might have been employed to complete case-made. Sabin v. Levorsen, supra, also cited by plaintiffs is a case wherein we again held that the impossibility to prepare case-made must be affirmatively shown not to be the fault of party seeking new trial.

 We do not consider these cases cited by plaintiff as analogous to our present situation. We have consistently held that a transcript of reporter's notes is not essential to the preparation of a case-made, but that the same may be prepared in narrative form. Cherry v. Brown, 79 Okl. 215, 192 P. 227, 13 A.L.R. 92; Jones v. Duncan, 168 Okl. 598, 35 P.2d 451; Bruner v. Hart, 178 Okl. 222, 62 P.2d 513, and State ex rel. Schuman et al. v. O'Bannon, 181 Okl. 413, 74 P.2d 606.

It does not appeal from the record that plaintiffs made any effort to complete a case-made, with detailed evidence either from the transcript that was typed, or in a narrative form. Had they done so defendants might have stipulated to its correctness. There is no evidence in the record to the effect they would not. Then same could have been appealed as in Lee v. Pierce, supra.

Where the evidence fails to show sufficient effort has been made on the part of complaining party to make case-made, where reporter who reported the case dies before furnishing a complete transcript, we

are of the opinion the trial court was justified in finding that all reasonable means and methods have not been exhausted, and therefore no abuse of discretion is shown.

Therefore, for the reasons above stated, the judgment of the trial court is affirmed.

WELCH, DAVISON, HALLEY, IRWIN and BERRY, JJ., concur.

WILLIAMS, C. J., and BLACKBIRD, V. C. J., and JACKSON, J., dissent.

JOHNSON, J., absent.
Rehearing denied.

BLACKBIRD, V. C. J., dissenting.