Edgar P. JAMES, an individual, d/b/a James
Drilling Company and James Oil
Company, Plaintiff in Error,

v.

ATLAS FISHING TOOLS, INC., a Corpora-
tion, Defendant in Error.

No. 39777.

Supreme Court of Oklahoma.

Dec. 18, 1962.

John W. Tillman, Fred A. Tillman, Don
Hampton, Pawhuska, for plaintiff in error.

Hamilton, Kane & Kane, Pawhuska, for
defendant in error.

WELCH, Justice.

This is an appeal from an order denying
a petition for a new trial in the district
court of Osage County, Oklahoma. The
sole question presented for determination
in the trial court was whether, without

fault of the plaintiff-in-error, it became impossible to prepare and serve a case-made within the time prescribed by law. The question presented here is whether the trial court abused its discretion in denying the petition for new trial.

Inasmuch as the parties occupied reverse positions in the trial court plaintiff-in-error will be henceforth referred to herein as defendant.

A default judgment on an open account had been taken against the defendant in the trial court. A petition was filed by the defendant to vacate that judgment and was overruled. On December 21, 1960, defendant filed a petition for new trial which was that day heard, with evidence and testimony, and overruled, and defendant was granted an extension of time in which to make and serve case-made on appeal to this court. Thereafter, within the extended time, and on May 31st, 1961, defendant filed a petition for new trial because of impossibility of making and serving case-made due to the mental and physical condition of the court reporter who had taken the testimony at the December 21st, 1960, hearing. The petition was heard June 14, 1961, seven days prior to the expiration of the limit of time within which an appeal might lawfully be taken, and was denied. From such order defendant appeals.

The record of the June 14, 1961, hearing reveals that Charlotte F. Bassé, the court reporter who took the notes on the evidence at the December 21st, 1960, hearing had fallen and fractured her hip on or about January 25th, 1961, and had become incapacitated for any work whatsoever during the time remaining for perfecting an appeal. That neither her Gregg shorthand notes nor the dictaphone belts to the recording machine she customarily used to supplement her shorthand notes could be found. That she was the only person who could find the notes and dictaphone belts and because of her mental and physical infirmity she was unable to find them within the time in which an appeal might be perfected.

The record also shows that there was no effort made by defendant's attorney towards having the reporter's shorthand notes transcribed until a few days preceding the June 14, 1961, hearing when an unsuccessful search was made for the reporter's notes and dictaphone belts. The record does not reveal that effort had been made by counsel for defendant to complete a case-made with statement of the reporter's notes, or of the testimony in a narrative form.

In Jones v. Duncan, 168 Okl. 598, 35 P.2d 451, this court held:

"The statutes do not require that a case-made contain a transcript of the court reporter's notes of the evidence and proceedings, and, such being the case, the evidence and oral proceedings may be reproduced in narrative form from the memory of the court and counsel and incorporated in the case-made as showing all the evidence introduced in the trial.

"It is the duty of a party seeking a new trial under the provisions of subdivision 9 of section 398, O.S.1931, to affirmatively show that he is unavoidably prevented, without fault on his part, from preparing and serving case-made, and such law contemplates that such party must exhaust all reasonable means and methods which he might have employed to prepare, serve, settle, and sign the same, before he becomes entitled to a new trial under the provisions thereof."

In the body of the opinion the court said: "* * * It is not necessary that a case-made contain an exact transcript of the reporter's notes of the evidence or oral proceedings of the trial, but the same may be shown in narrative form, and it is not necessary that the defendant agree to such preparation of the case-made. * * *"

In R & R Motor Company v. Kings, Inc., 169 Okl. 231, 36 P.2d 900, this court held:

"A motion for new trial based upon the ground that it has become impossible for the complaining party to make and

serve a case-made is addressed to the sound discretion of the trial court. The ruling of the court thereon will not be reversed, unless it is made to appear that there was a clear abuse of discretion in denying the motion for new trial.

"Where a party complains of impossibility to make case-made because of inability of the court reporter to transcribe correctly some of the testimony, before being entitled to a new trial such complaining party must first comply with section 792, C.O.S.1921 (section 541, O.S.1931), unless from the very nature of the case, the testimony of the witnesses given upon the trial, and all the other circumstances, the court, in the exercise of its discretion, is satisfied that the complaining party is unable to prepare a correct and adequate record of the proceedings, including the evidence, before the trial court, necessary for consideration by the appellate court."

■ It was said in Laffoon v. Kantor, Okl., 375 P.2d 961, a transcript of the reporter's notes is not essential to the preparation of a case-made, but that the contents of such notes may be prepared in narrative form. See also Cherry v. Brown, 79 Okl. 215, 192 P. 227, 13 A.L.R. 92; Bruner v. Hart, 178 Okl. 222, 62 P.2d 513, and State ex rel. Schuman et al. v. O'Bannon, 181 Okl. 413, 74 P.2d 606.

■ The purpose of subdivision 9, Section 651, 12 O.S.1961, is to give a party who desires to appeal to this court a new trial, where through no fault of his own it becomes impossible to make a case-made, however, he must affirmatively show the impossibility and same to be without fault on his part. Such law contemplates that the complaining party must exhaust all reasonable means and methods which he might have employed to prepare, serve, settle and sign case-made before he becomes entitled to a new trial under the provisions thereof. Laffoon v. Kantor, supra.

■ The decisions in the above cited cases that where the evidence fails to show sufficient effort has been made on the part of the complaining party to make case-made the trial court was justified in finding that all reasonable means and methods had not been exhausted, and therefore no abuse of discretion was shown, appear peculiarly applicable in this case.

The judgment of the trial court denying defendant's petition for new trial based on alleged inability to make case-made is affirmed.

DAVISON, HALLEY, JOHNSON, and IRWIN, JJ., concur.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JACKSON and BERRY, JJ., dissent.