Floyd Perry HOWELL, Plaintiff in Error,

v.

Linda Housely OLSON and Hugh Breeding, Inc., Defendants in Error.

No. 41849.

Supreme Court of Oklahoma.

March 25, 1969.

Rehearing Denied April 22, 1969.

Appeal from District Court of Creek County; Kenneth Hughes, Judge.

Action by plaintiff seeking damages for personal injuries for alleged joint negligence of the operators of a passenger car in which plaintiff was guest passenger and a transport truck owned by corporate defendant. Plaintiff appealed from order and judgment of trial court sustaining separate demurrers to plaintiff's evidence. Affirmed in part and reversed in part with directions.

Sellers & Woodson, Drumright, for plaintiff in error, Joe A. Moore, Memphis, Tenn., of counsel on the brief.

Jake Hunt, Oklahoma City, for Linda Housley Olson, defendant in error.

Richard D. Wagner, Alfred Knight, Tulsa, for Hugh Breeding, Inc., defendant in error.

BERRY, Vice Chief Justice.

This is an appeal from an order and judgment sustaining separate demurrers to evidence adduced by plaintiff in support of an action to recover damages for personal injuries. The sole question involved concerns correctness of the trial court's rulings. The conclusion reached makes extended recitation of the pleadings and evidence unnecessary.

Litigation evolved from an automobile accident on Highway 66 north of Bristow, Oklahoma. Description of the physical surroundings will assist presentation of the issue. This highway traverses the area generally from east to west. Traveling froms Bristow toward Tulsa the road runs north to a point referred to locally as "Four Mile corner", and then turns east in a wide, flat curve. East of the curve the highway was upgrade approximately 675 feet to the crest of a hill. At the hillcrest a sign warned west bound traffic of the curve and indicated a 40 miles per hour speed limit. The paved highway, 20 feet in width, had a contiguous dirt and gravel shoulder 5 feet wide. The outer edge of the shoulder around the curve was protected by guard posts. Where the accident occurred the pavement had a slight dropoff onto the shoulder of this road.

Plaintiff was a guest passenger in a Renault automobile being driven west into the curve by defendant Olson. Approximately at the same time a gasoline transport truck-trailer, allegedly owned and operated by this corporate defendant, was proceeding east around the curve, but to left of center of the road in a no-passing zone indicated by yellow lines. When approximately 25 feet apart, with both vehicles

traveling an estimated 40 miles per hour, defendant Olson turned to the right placing outer wheels of her car on the shoulder. Immediately after the vehicles passed Olson lost control of her car and was unable to negotiate the curve. The car left approximately 35 feet of marks on the shoulder, came back onto the pavement, skidding and turning approximately 115 feet further, before overturning and coming to rest on the opposite side of the highway. Both Olson and plaintiff were injured as a result of the accident.

Plaintiff's action was based upon alleged negligence of Olson in driving at an excessive speed, failure to keep a proper lookout, or keep her vehicle under control. The corporate defendant was charged with negligence in operating the transport truck across the center line, forcing defendant's vehicle off the highway. The allegations present issues as to individual and conjoint negligence of defendants. Defendant Olson raised the issue of sudden emergency. The corporate defendant denied negligence, or that any employee was operating any vehicle within scope of his employment as alleged, and charged that any injury resulted from unavoidable accident without defendant's fault.

The primary claim of negligence as to Olson was excessive speed. Plaintiff's evidence in this regard estimated defendant's speed as 50–55 miles per hour starting into the curve, after which the car was slowed down. Olson fixed 40 miles per hour as the speed of both her car and the truck.

The corporate defendant's negligence allegedly was operation of the transport truck left of center of the highway. Shortly after the accident plaintiff advised the investigating officer "* * * either a truck forced them off the road or the wind from a truck blew them off the road, he wasn't sure." Plaintiff identified the truck as a light or cream colored gasoline tanker. From earlier experience Olson, who was familiar with corporate defendant's trucks, identified the truck involved from signs and markings on the door, and described the truck as having a cream colored top and orange bottom, the trailer being silver.

Of the contentions advanced only those concerned with rulings upon the demurrers require discussion. The first matter considered is propriety of the trial court's action in respect to defendant Olson. Summarized plaintiff's argument relating to this defendant's demurrer asserts sufficiency of the evidence to require submission of the cause to the jury, because of four grounds: (1) evidence Olson drove around the curve initially at speed of 65 miles per hour and was traveling 45 miles per hour immediately before losing control of the vehicle; (2) plaintiff remonstrated as to defendant's speed going into the curve; (3) had defendant kept her car under control there was room to have avoided the truck traveling on the wrong side of the highway without defendant leaving the road; (4) manner in which defendant turned back onto the pavement after leaving road was the cause of loss of control and resulting accident.

Examination of each claim readily reveals failure to support plaintiff's argument. The claim made under (4) must be classified as an unsupported conclusion of plaintiff. The conclusion stated under (3) is pure speculation, necessarily based upon the invalid assumption defendant, upon observing the truck left of center of the pavement, reasonably could have anticipated the truck would not bear further left. Both (1) and (2) are based upon acceptance of all plaintiff's evidence of vehicle speed, upon which is based the conclusion the accident resulted from speed alone. This conclusion is not supportable from evidence most favorable to plaintiff.

In Richardson v. Parker, 205 Okl. 137, 235 P.2d 940, 941, the claim of negligence was based principally upon evidence relating to speed of a vehicle. Affirming a trial court's instructed verdict for defendant that decision pointed out, even if speed of the vehicle was excessive, liability could not attach unless speed was established as proximate cause of injury. Additionally,

we are in accord with Olson's argument concerning applicability of our decision in Griffeth v. Pound, Okl., 357 P.2d 965. We are of the opinion the reasoning and result in Pound must also be considered dispositive of plaintiff's contention concerning Olson.

Further inquiry relates to the trial court's order in respect to the demurrer of the corporate defendant. By stipulation, exhibits and testimony introduced by plaintiff there was evidence tending to establish the probability of presence of defendant's truck at the time and place concerned. Both plaintiff and defendant Olson testified concerning presence of a truck driven around the curve and across the center line just as Olson's car was proceeding toward Bristow. Plaintiff identified the truck as a gasoline transport, light in color. Olson described the truck as to type, color, insignia and company name. Other evidence showed one of defendant's gasoline transport trucks was being operated by an agent and employee upon the highway at the approximate place and time after having delivered gasoline in another county. The particular truck was identified as to unit number and name of the operator. Stipulation established none of defendant's trucks had been stolen, leased to other operators, or were under control of unauthorized persons on date of this accident.

Corporate defendant admits evidence tending to show involvement of a truck belonging to the company. However, it is argued even should such evidence be deemed sufficient to provide an inference, or presumption, the driver was operating with defendant's knowledge or permission, there was no evidence to support the allegation of agency or the scope of such agency, at the time involved. Principal basis of this argument is derived from certain statements contained in Gilbert v. Walker, Okl., 356 P.2d 346.

Corporate defendant argues Oklahoma decisional law requires proof both of defendant's ownership, and existence of a master-servant relationship between the owner and driver of the vehicle, before imputation of negligence can attach to the owner for acts of another. Defendant relies upon Gilbert, supra, as the latest expression of our rule requiring plaintiff to prove the master and servant relationship between the owner and his operator at time of the occurrence. Only then, according to defendant, does a presumption arise the driver was acting within scope of his authority.

In Gilbert, supra, we stated:

"* * * In no case involving either a pleasure, or a business, or commercial, motor vehicle has this court ever held that the car driver's negligence can be imputed to the defendant merely upon proof of his ownership of the car and his consent to its use, and without any evidence of a relationship between him and the driver, or with the auto's use, that would justify regarding the two as principal and agent. * * *"

Then, after recognizing apparent conflict among different courts relative to whether an inference, or presumption arises where the owner operates the type business in which a vehicle was engaged at time of the accident, Gilbert states:

"* * * there can be no doubt as to the absence of any such presumption or inference in this State, where such fact is not shown, and there is no evidence of any relationship between the owner and the driver of the vehicle. * * *"

The majority rule that proof of ownership at the time of an accident created a prima facie case for plaintiff was recognized until Stumpf v. Montgomery, 101 Okl. 257, 226 P. 65, 42 A.L.R. 900, 901, where prior acceptance of the principal was overruled. In this connection, however, see Lee v. Pierce, 112 Okl. 212, 239 P. 989, and De Camp v. Comerford, 134 Okl. 145, 272 P. 475, both recognizing evidence of a defendant's ownership of a vehicle coupled with proof the driver was then in an owner's employment, raises a legal presumption the driver was acting for the

employer and within scope of his employment at time of an accident.

We do not ascribe such unqualified finality to language in Gilbert as defendant purportedly finds there. What Gilbert states, both syllabus and text, simply is that no presumption arises, even as regards a commercial vehicle, merely upon proof of ownership and consent to use. But, that decision clearly recognizes proof of ownership coupled with existence of a master-servant relationship, when supported by other evidence concerning nature of the relationship and scope of employment is sufficient to support the presumption a commercial vehicle was being used within scope of the driver's employment. This principle was adequately stated in Norton v. Harmon, 192 Okl. 36, 133 P.2d 206. Also see Louisville Taxicab and Transfer Co. v. Johnson, 311 Ky. 597, 224 S.W.2d 639, 27 A.L.R.2d 158, and annotations; 81 A.L.R.2d 861, 867, 877.

Evidentiary matters above related are sufficient to supply the missing requirements mentioned in Gilbert, supra. The stipulation that within defendant's knowledge no truck was in any unauthorized person's hands on day of the accident, coupled with identity of the truck and the driver, created a presumption the driver was acting within scope of his employment at the time of the accident.

The rules prescribing the test of sufficiency of a demurrer to the evidence are firmly settled. The evidence adduced and the presumption created, with reasonable inferences deducible therefrom, presented questions as to which it could not be said there was an entire absence of proof tending to show any right to recover. In passing upon a demurrer to the evidence the trial court cannot weigh the evidence. Wilson v. Chicago, R. I. & P. R. Co., Okl., 429 P.2d 763.

The order and judgment upon defendant Olson's demurrer is affirmed. The judgment as to the corporate defendant is reversed and the cause remanded with direc-tions to overrule the demurrer to plaintiff's evidence and reinstate the cause.

IRWIN, C. J., and DAVISON, BLACKBIRD, JACKSON, LAVENDER and McINERNEY, JJ., concur.

WILLIAMS, J., dissents.